561 So.2d 425 (1990)
Lauro MOLINA, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-869.
District Court of Appeal of Florida, Third District.
May 15, 1990.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Deborah J. Turner, Asst. Atty. Gen., for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
Lauro Molina appeals an order finding him guilty, but withholding adjudication, of disorderly intoxication.[1] We reverse.
Molina was charged with disorderly intoxication in violation of section 856.011, Florida Statutes (1985), by consuming beer on the public sidewalk. On the day of trial the State moved to amend to change the charge to disorderly conduct in violation of section 25-33.1, Miami Beach City Code.[2] The State argued that the statute and the city code are substantially similar and that there could be no prejudice to the defense by reason of the amendment. Molina argued that he had never previously seen the city code section and had had no opportunity to investigate the nature of the ordinance and the defenses thereto. The trial court allowed the amendment and the case proceeded to trial.
Section 25-33.1 is similar to section 856.011, Florida Statutes, in that both prohibit consumption of alcohol in a public place. *426 However, the city ordinance contains an express exception for "those areas as designated and approved by the city manager or the city commission." At the conclusion of the State's case and at the conclusion of all the evidence, Molina moved for a judgment of acquittal on the ground that the State had not shown the exception to be inapplicable to the area where he was arrested. The trial court denied the motion, agreeing with the State's position that the exception within the ordinance was an affirmative defense as to which Molina had the burden of proof. Molina offered no proof, and was convicted.
As the ordinance contained a possible defense which Molina had no opportunity to investigate, there was prejudice to Molina from the allowance of the amendment at the outset of trial. We reverse and remand for a new trial as to that count. See Pedone v. State, 341 So.2d 532, 533 (Fla. 3d DCA 1977); Lawson v. State, 251 So.2d 683, 684 (Fla. 3d DCA 1971); cf. Lackos v. State, 339 So.2d 217, 219 (Fla. 1976) (amendment of information to correct technical defect permissible in absence of showing of prejudice to defendant).
Reversed and remanded for new trial.
BASKIN and COPE, JJ., concur.
JORGENSON, Judge, dissenting.
Both the arrest affidavit and the arresting officer's testimony show that Molina was arrested for drinking in public in the 600 block of Sixth Street on Miami Beach.
I would affirm.
NOTES
[1] Molina does not appeal his conviction, and the withholding of adjudication, on the offense of battery on a law enforcement officer.
[2] Section 25-33.1 provides, in part:

It shall be unlawful for any person to drink, serve or sell any beer, wine or any other alcoholic beverage on any street, sidewalk, pedestrian mall, alley, highway, playground, park or any other public property, in the city, except in those areas as designated and approved by the city manager or the city commission.