**Richard K. LAWSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 17A03–9301–CR–23.**

Court of Appeals of Indiana, Third District.

Sept. 7, 1993.

Hugh N. Taylor, Auburn, for appellant-defendant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Richard K. Lawson appeals his conviction for conspiracy to distribute cocaine, a Class B felony.

The evidence relevant to the appeal discloses that on December 4, 1991, Jeffrey Barry was acting as a confidential informant for the Auburn, Indiana police department. Barry wore a body transmitter which allowed police officers to monitor Barry's conversations. Barry went to the home of Marvin Lawson to purchase marijuana from Lawson's son, Elvis. Marvin indicated to Barry that he wanted to finance Richard, another son, in the business of selling cocaine. Marvin then asked Barry to supply the cocaine. Marvin and Barry agreed upon a price.

On December 9, 1991, Barry went to Richard's home. Barry wore the body transmitter and his conversation with Richard was tape-recorded by police. Barry told Richard that he would supply the cocaine. Richard stated that previously he had sold between three and six ounces of cocaine per week.

Barry returned to Marvin's home on December 16, 1991, to inform Marvin that the cocaine would be delivered the next day. Marvin offered Barry the use of his van to obtain the cocaine. On the following day, Marvin gave Barry $1,200.00 for the purchase. Rather than purchasing cocaine, Barry gave the money to police officers. As a result, Richard was charged with, and ultimately convicted of the above charge. This appeal ensued.

On appeal, Richard raises two issues for review:

(1) whether the trial court erred in admitting into evidence a copy of the tape-recorded conversation between Richard and Barry; and

(2) whether trial counsel was ineffective.

Over Richard's objection, a tape recording of his December 9, 1991 conversation with Barry was played for the jury. Also, a transcript of the conversation was circulated to the jury. The trial court admonished the jury *inter alia* that the audio recording was the actual evidence. Further, the jurors were advised that the purpose of the transcript was to assist them while listening to the tape recording.

■ Richard contends that the tape recording was inadmissible inasmuch as a copy of the original recording was played for the jury, and because a proper foundation was not established for its admissibility. Admission of a tape recording made in a non-custodial setting requires: "1) that the recording is authentic and correct, 2) that it does not contain evidence otherwise inadmissible, and 3) that it be of such clarity as to be intelligible and enlightening to the jury." *McCollum v. State* (1991), Ind., 582 N.E.2d 804, 811–812. The trial court is granted broad discretion in determining whether these criteria have been met. *Id.* at 812.

■ Here Barry and both officers who listened to the tape-recorded conversation transmitted over the body transmitter worn by Barry, testified that the tape recording was accurate and correct. Further, evi-

dence of the chain of custody was admitted. The officers' testimony established the authenticity of the tape recording. *Cf. Sharp v. State* (1989), Ind., 534 N.E.2d 708, 712 (sufficient evidence of authenticity based upon officers' testimony identifying tapes, that conversations were monitored, and proper chain of custody).

■ Such tape recordings must be, when taken as a whole, of such clarity so as not to lead to jury speculation regarding its contents. *Id.* Also, in the present case the jurors were properly instructed that the transcript was not evidence, and that due to inflection of a speaker's voice or an inaccuracy in the transcript, they must rely upon what they heard on the tape rather than what they read from the transcript. See *id.* Thus, admission of the transcript could not predicate error.

■ Richard complains that error occurred when a copy of the original tape recording was played, rather than the original which was available. The police officer who copied the tape explained that the original tape contained other extraneous matters due to the circumstances under which the recordings are made. At times, when Barry was fitted with a body transmitter every conversation he had, including social conversations with people uninvolved in his confidential informant activities might be taped. Because the original tape contained other such conversations, a copy of the portion of the original tape was made. However, the officers testified that the entire conversation between Barry and Richard on December 9, 1991 was copied from the original tape. The officer who copied the tape did not edit the conversation. Richard does not contend that any discrepancies exist between the original tape and the copy made from the original tape. The copy of the tape meets the criteria set forth for admission of non-custodial tape recordings.

Richard further contends that his trial counsel was ineffective for failing to depose witnesses, not properly objecting to the admission of the tape recording and the transcription of the tape, and failing to object to evidence of other possible criminal activity.

■ A case may be reversed for ineffective assistance of counsel when a defendant demonstrates both a deficient performance by counsel and resulting prejudice from errors of counsel so serious as to deprive the defendant of a trial in which the result is reliable. *Davis v. State* (1992), Ind., 598 N.E.2d 1041, 1051, *reh. den., citing Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Further,

"[a] claim of ineffective assistance must identify the claimed errors of counsel, so that the court may determine whether, in light of all circumstances, the counsel's actions were outside the range of professionally competent assistance. The proper measure of attorney performance is reasonableness under prevailing professional norms. It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel."

*Id.*

■ Richard baldly asserts that counsel was ineffective for failing to depose witnesses. However, Richard does not demonstrate how his defense would have been improved through such pretrial preparation. *See Siglar v. State* (1989), Ind., 541 N.E.2d 944. Counsel vigorously cross-examined witnesses and made objections to potentially inadmissible evidence. No error occurred by failing to depose the witnesses.

Next, Richard complains that counsel failed to make the proper objections to admission of the tape recording and the transcript of the tape. Richard acknowledges that the trial court treated counsel's objection to the evidence as all encompassing. Moreover, as determined above, no error occurred in admitting the evidence.

Again, Richard has failed to demonstrate ineffective assistance of counsel.

Finally, Richard asserts that counsel should have objected to instances where the witnesses testified as to other criminal activity. Specifically, Richard points to testimony that Barry went to Marvin's home to speak with Elvis about the purchase of marijuana. The testimony of which Richard complains does not refer to criminal activity by Richard. Additionally, as noted by the State, the evidence is admissible under the theory of *res gestae* where "the State is allowed to present evidence that completes the story of the crime in ways that might incidentally reveal uncharged misconduct." *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, 1339. A defendant may not predicate a claim of ineffectiveness of counsel upon a failure to object if he cannot demonstrate that a proper objection, if made, would have been sustained by the trial court. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394, 396. Trial counsel was not ineffective for failing to object to the evidence of other criminal activity.

There being no finding of reversible error, the judgment of conviction is affirmed.

Affirmed.

SHARPNACK, C.J., and ROBERTSON, J., concur.