Richard WILKINSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A04–9603–CR–88.

Court of Appeals of Indiana.

Aug. 19, 1996.

Transfer Denied Nov. 20, 1996.

Thomas K. Reynolds, Anderson, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

CHEZEM, Judge.

### CASE SUMMARY

Richard Wilkinson appeals his conviction of Attempted Child Molesting, a class C felony, Ind.Code 35–41–5–1(a).[1] We affirm.

---

1. Ind.Code 35–41–5–1(a) (1993) states in pertinent part:

A person attempts to commit a crime when, acting with the culpability required for the commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted.

Ind.Code 35–42–4–3(b) (1995 supp.) states in pertinent part:
A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a class C felony.

## ISSUES

Wilkinson raises four issues on appeal, which we consolidate and restate as:

I. Whether the trial court properly allowed an amendment to Wilkinson's charging information on the day of trial, changing the charge against him from Child Molesting to Attempted Child Molesting; and,

II. Whether the evidence was sufficient to support Wilkinson's conviction.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment indicate that at about 12:30 A.M. on July 24, 1994, Wilkinson entered the home of his next door neighbor, Rita Harder. Wilkinson had been drinking at a nearby bar for about two hours. Harder was working late that night, and her 13 year old daughter Helena was home by herself. Wilkinson entered the room where Helena was sleeping, woke her by shaking her foot, and asked her if she knew she was alone and where other members of her family were. Helena was only half awake, and fell back to sleep.

Shortly after 2 A.M., Helena was awakened again when Wilkinson fell onto the bed beside her. Helena was sleeping on her stomach, and Wilkinson put his hand up the back of her shirt. He tried to move his hand to the front, but could not because Helena pressed her arms tightly against her body. Wilkinson also slid his hand into the waistband of her shorts, but could not move it further because the waistband was too tight. He asked Helena to move her leg if she was awake, but she remained still. He then tried to move her leg himself. After a few minutes, Wilkinson stopped touching Helena and went to sleep. Helena then left the house and waited in the family truck for her mother to return home. When Harder returned home, she summoned her father, who roused Wilkinson and removed him from the house. Wilkinson walked back to his own home.

Wilkinson was charged with child molesting, a class C felony. On the morning of his bench trial, the State amended the charge to attempted child molesting, a class C felony. Wilkinson requested a continuance in order to evaluate the amended charge, but the continuance was denied. Wilkinson's defense at trial was that he passed out and did not remember engaging in the actions he was accused of. If any touching occurred, Wilkinson argued, it thus could not have been done with the intent to gratify the sexual desires of either the defendant or the victim, as the child molesting statute requires.

## DISCUSSION AND DECISION

### I

 Wilkinson appeals the trial court's granting of the State's motion to amend the information against him. The amended information, by itself, is not grounds for reversal. The State may amend an information at any time before, during or after the trial "in respect to any defect, imperfection or omission in form which does not prejudice the substantial rights of the defendant." I.C. 35-34-1-5(c). Such an amendment may not be allowed if it would substantially prejudice a defendant in terms of his opportunity to prepare his defense. *Todd v. State*, 566 N.E.2d 67, 69 (Ind.Ct.App.1991). The test of whether the State should be allowed to amend an information is whether the amendment affects the availability of a defense or the applicability of evidence *which existed under the original information. Sharp v. State*, 534 N.E.2d 708, (Ind.1989), *reh. denied, cert. denied*, 494 U.S. 1031, 110 S.Ct. 1481, 108 L.Ed.2d 617 (1990) (emphasis added). Additionally, the prosecution may not amend the charging information in a manner which materially changes the factual allegations which form the basis of the prosecution's theory. *Kelly v. State*, 586 N.E.2d 927 (Ind.Ct.App.1992), *trans. denied.*

 Wilkinson also appeals the denial of his motion to continue because the amendment of the child molesting charge to the attempted child molesting charge affected his defense at trial. However, the defenses available to Wilkinson under the original information charge remained available to him under the amended information charge. Our supreme court held in *Sharp* that an amendment is not prejudicial if the defenses available under the original information are available to a defendant under the amended information. Wilkinson's defense was that

he was intoxicated and had passed out and, thus, that he did not possess the requisite intent to commit either child molesting or attempted child molesting.

Wilkinson did not lose any defenses as a result of the amended information. Rather, he gained one defense, and that was the defense of abandonment. The issue becomes whether the amended information, with the newly available defense of abandonment, materially changed the factual allegations which formed the basis of the prosecution's theory. It did not. The same facts were alleged by the prosecutor under both charging informations. Wilkinson was aware before the trial even began what facts were going to be alleged at trial by the prosecutor. His defense of abandonment did not require him to gather witnesses and collect additional evidence. He merely had to argue factually that defense at trial. Instead, he chose to argue that he was intoxicated and did not remember the facts surrounding the allegations posed by the prosecutor.

In essence, he argued that he could not have completed a substantial step toward the commission of the crime because he was too intoxicated. To that extent, Wilkinson was able to defend against the new information as charged. That the trial court did not accept his version of the facts is not grounds for reversal. Additionally, Wilkinson has never demonstrated that the denial of his continuance in any way affected his ability to prepare his defense. He has not even proved that he would have relied on the defense of abandonment, even though it was available to him. That he was intoxicated does not support a defense of abandonment. Abandonment that is a product of extrinsic factors is not voluntary. *Babin v. State,* 609 N.E.2d 3 (Ind.Ct.App.1993), *reh. denied, trans. denied.* Passing out from intoxication is not a voluntary abandonment of an attempted crime.

Common sense dictates that Wilkinson's conviction should be affirmed. Here is a man who drank too much, entered his neighbor's home while a young girl slept alone, climbed into bed with her, and placed his hand up the back of her shirt, slid his hand into the waistband of her shorts, and tried to move her legs. He testified that he remem-

bered being in the room with the girl at 2:13 a.m. and the girl testified that he was touching her at 2:16 a.m. Witnesses removed Wilkinson from the bed shortly thereafter. He was charged with child molesting and was given much time to prepare his defense. The information amended on the day of trial to attempted child molesting did not remove any of Wilkinson's original defenses, and nor did it change any of the factual allegations made by the prosecutor. The only person who could testify as to his purported abandonment of the crime was Wilkinson. He could have so testified but chose instead to rely on a defense of intoxication in refutation of the substantial step requirement.

## II

 Wilkinson also argues that there is insufficient evidence to support his conviction. The standard of review for this type of challenge is well-settled. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the witnesses' credibility. *Jones v. State,* 589 N.E.2d 241, 242 (Ind.1992). The State correctly argues that Wilkinson cannot avail himself of the abandonment defense because the evidence he presented at trial would not support that defense and Wilkinson cannot raise a defense on appeal which he did not raise at trial. There was therefore no evidence presented at trial to support Wilkinson's claim of abandonment. We look instead to the evidence as it relates to the elements of the crime as charged. Wilkinson drank too much, entered his neighbor's home while a young girl slept alone, climbed into bed with her, and placed his hand up the back of her shirt, slid his hand into the waistband of her shorts, and tried to move her legs. He testified that he remembered being in the room with the girl at 2:13 a.m. and the girl testified that he was touching her at 2:16 a.m. Witnesses removed Wilkinson from the bed shortly thereafter. The evidence is clearly sufficient to support Wilkinson's conviction.

Affirmed.

BARTEAU, J., concurs.

RILEY, J., dissents with separate opinion.

RILEY, Judge, dissenting.

The majority, relying on *Sharp v. State*,[2] holds that the State may amend an information on the day of trial as long as the amendment does not affect a defense which was *already available* to the defendant under the original information. I do not believe the *Sharp* test for determining prejudice from a last-minute amendment of the charges is so limited. A defendant's ability to defend himself may also be substantially prejudiced where, as here, the State amends the charges to give rise to a potential defense the defendant could not have been prepared to pursue. For that reason, I must dissent.

When an amendment of an indictment gives rise to a possible defense which the defendant has no opportunity to pursue, it is prejudicial to allow the amendment at the outset of the trial. *Molina v. State*, 561 So.2d 425, 426 (Fla.Dist.Ct.App.1990). In *Molina*, the defendant was charged with Disorderly Intoxication, in violation of a state statute. On the day of trial, the information was amended to charge him with Disorderly Conduct, in violation of a city ordinance. Both laws prohibited consumption of alcohol in a public place, but the city ordinance had an exception for certain public areas designated by the city. The court found it was error to allow the amendment, even though Molina had offered no evidence at trial that he was drinking in an exempted area: "As the ordinance contained a possible defense which Molina had no opportunity to investigate, there was prejudice to Molina from the allowance of the amendment at the outset of the trial." *Id.*

The amendment of Wilkinson's information, which changed the charge against him

from Child Molesting to Attempted Child Molesting, similarly prejudiced Wilkinson's substantial rights because it deprived him of the opportunity to prepare and present, or even investigate, at least one potential defense—that of abandonment.

It is a defense to charges under Ind.Code 35–41–2–4 (aiding, inducing, or causing an offense), Ind.Code 35–41–5–1 (attempt to commit a crime), and Ind.Code 35–41–5–2 (conspiracy to commit a felony), that the person who engaged in the prohibited conduct voluntarily abandoned his effort to commit the underlying crime and voluntarily prevented its commission. Ind.Code 35–41–3–10 (1993). The defense of abandonment is only available in cases involving attempted crimes; obviously, one cannot abandon an attempt to commit an offense after the crime has been completed. *Barnes v. State*, 269 Ind. 76, 83, 378 N.E.2d 839, 843 (1978). In the case of an "attempt" charge, the conduct constituting abandonment must occur *after* the commencement of the "substantial step" towards the commission of the underlying crime. *Woodford v. State*, 488 N.E.2d 1121, 1124 (Ind.1986). That has the effect of making it possible for a person to technically commit the elements of the crime of attempt, but to still avail himself of the defense of abandonment. *Id.*

Wilkinson thus had a potential defense available to him under the amended charge of attempted child molesting that was not available under the original charge of child molesting. But he could not have been prepared to present an abandonment defense, or even to determine whether the facts could have supported one, when he was not made aware until the day of trial that he was being charged with anything but the completed

---

2. The majority correctly notes that a last-minute amendment to an information is not allowed if it would "substantially prejudice a defendant in terms of his opportunity to prepare his defense," citing *Todd v. State*, 566 N.E.2d 67, 69 (Ind.Ct. App.1991), and states that the test for whether a defendant is prejudiced is "whether the amendment affects the availability of a defense ... *which existed under the original information*" (emphasis added), citing *Sharp*, 534 N.E.2d at 714. We note that *Sharp*, as well as all other Indiana decisions we have found which state that rule, determined that the amendment at issue was one of form only, and not of substance. *See,*

*e.g., Gibbs v. State*, 460 N.E.2d 1217 (Ind.1984), *reh'g denied; Humphrey v. State*, 268 Ind. 597, 377 N.E.2d 631 (1978); *Owens v. State*, 263 Ind. 487, 333 N.E.2d 745 (1975); *Johnson v. State*, 258 Ind. 383, 281 N.E.2d 473 (1972); *Smith v. State*, 252 Ind. 148, 246 N.E.2d 765 (1969). In none of those decisions did the court have occasion to address whether a defendant could be prejudiced by an amendment which permitted a new defense for which the defendant could not prepare; thus, I believe the *Sharp* wording which the majority reads as a limitation is, in fact, dictum.

offense, and when he was not permitted a continuance to allow him to explore the possibility of presenting different or additional defenses. *See Brown v. Commonwealth,* 498 S.W.2d 119, 120 (Ky.Ct.App.1973) (amendment of an indictment at the close of evidence to charge defendant as an aider and abettor rather than as a principal was prejudicial to his substantial rights).

The majority goes on to suggest that Wilkinson was not prejudiced by the amendment because he failed to show that he would have relied on the defense of abandonment even though it became available to him. That circular argument is not persuasive. Until the morning of his trial, Wilkinson was charged with, and prepared to defend himself against, a crime to which abandonment was no defense. He was denied a continuance which might have allowed him to explore the availability of an abandonment defense. Wilkinson should not now be deprived of his right to assert that defense just because he did not go to trial prepared to present an irrelevant defense.

The dangers inherent in the majority's interpretation of the *Sharp* test are apparent. In the case of "attempt" crimes, for example, an unscrupulous prosecutor who recognized that a defendant's best or only defense was abandonment could charge the defendant only with the completed crime, inducing the defendant to ignore the abandonment defense. Then, on the day of trial, or even during the trial, the prosecutor could amend the charges to the lesser included offense of "attempt," increasing the State's chances of conviction and at the same time assuring that the defendant would not have prepared its most viable defense.

The right of an accused to due process is the right to a fair opportunity to defend against the State's accusations. *Chambers v. Mississippi,* 410 U.S. 284, 295, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973). The accused has the right to utilize any and all defenses in his behalf, and to present as many defenses as he has or thinks he has. *See generally* 21 Am.Jur.2d *Criminal Law* § 183 (1981). Because one purpose of an information is "to furnish the accused with such a description of the charges against him as will enable him to make his defense," *State v. Allen,* 12 Ind. App. 528, 40 N.E. 705 (1895), a last-minute amendment which gives rise to a defense the defendant cannot effectively assert, or even investigate, is prejudicial and should not be permitted unless a continuance is granted at the defendant's request.

Because the amendment to Wilkinson's information effectively deprived him of a potential defense, it was material, and the trial court erred in allowing the State to amend it without giving Wilkinson adequate written notice and time to take advantage of, or even explore, potential defenses to the new charge. I would reverse.