## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2016, 7:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason Morehouse,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 19, 2016

Court of Appeals Case No.
79A05-1508-CR-1304

Appeal from the Tippecanoe
Superior Court.
The Honorable Steven P. Meyer,
Judge.
Cause No. 79D02-1503-FC-1

**Sharpnack, Senior Judge**

# Statement of the Case

[1] Jason Morehouse appeals his conviction of Forgery, a Class C felony.[1] We affirm.

# Issues

[2] Morehouse raises two issues, which we restate as:

    I.    Whether the trial court erred in allowing the State to amend the charging information.

    II.    Whether the trial court erred in denying Morehouse's motion to continue the trial after allowing the State to amend the charging information.

# Facts and Procedural History

[3] On the morning of March 23, 2014, Shirley Puterbaugh woke to discover someone had stolen several jackets and purses from her home. One of the purses contained her Discover credit card. After speaking with the police, Puterbaugh called her credit card company to notify it of the theft. The company's representative told her the card had already been used that day at a Sears store to purchase tires.

[4] Meanwhile, that same morning a man later identified as Morehouse arrived at a Sears store in Tippecanoe County. He purchased four tires for $578.76, paying with Puterbaugh's Discover card. Morehouse told a Sears employee his name

---

[1] Ind. Code § 35-43-5-2 (2006).

was "James Puterbaugh" and provided a fake address and phone number. State's Ex. 3. There is no James Puterbaugh in Shirley Puterbaugh's family.

[5] On March 17, 2015, the State filed an affidavit of probable cause, asserting Morehouse had used "Shirley Puterbaugh's Discover card" to buy tires at Sears. Appellant's App. p. 107. The State charged Morehouse with Count I, forgery, alleging he had "used a Discover card belonging to James Puterbaugh, in such a manner that the written instrument was purportedly used by James Puterbaugh, and/or was purportedly used with the authority of James Puterbaugh, who did not give such authority." *Id.* at 104. The State also filed Count II, theft, alleging Morehouse had "knowingly or intentionally exert[ed] unauthorized control over property, to wit: a Discover card, of another person, to wit: James Puterbaugh." *Id.* at 103. For Count III, theft, the State alleged Morehouse had stolen the tires from Sears. The State also filed a notice of intent to file an habitual offender enhancement.

[6] At his March 20, 2015 initial hearing, the trial court scheduled a jury trial for June 23, 2015. On April 20, 2015, the State filed amended charges I and II. In amended charge I, the State replaced two references to James Puterbaugh with Dennis Puterbaugh, Shirley Puterbaugh's husband, although the amended charge still asserted the credit card belonged to "James Puterbaugh." *Id.* at 93. In amended charge II, the State asserted Dennis Puterbaugh owned the credit card. The trial court held an initial hearing on the charges as amended.

[7] On June 5, 2015, the State moved to amend the charging information to add an habitual offender enhancement. Morehouse objected. On June 11, 2015, the court held a hearing on the State's motion and subsequently denied it, concluding "there has been no good cause shown to justify the late filing." *Id.* at 79.

[8] Meanwhile, the State learned Dennis Puterbaugh was not an owner of the Discover card and was not authorized to use it. On June 12, 2015, the State moved to amend counts I and II to replace all references to Dennis Puterbaugh and James Puterbaugh with Shirley Puterbaugh. Morehouse objected. On June 19, 2015, the court held a hearing on the State's motion and granted it. Morehouse requested a continuance of the trial, and the court denied his motion. Later that same day, the magistrate held an initial hearing on the amended charges. Morehouse renewed his objection to the amended charges and renewed his request for a continuance of the trial. The magistrate declined to change the trial court's decisions.

[9] The case was tried to a jury on June 23 and 24, 2015. After the State presented its case, Morehouse declined to present any evidence. The jury determined Morehouse was guilty as charged. The court imposed a sentence, and this appeal followed.

# Discussion and Decision

## I. Amendment of Charging Information

Morehouse appeals his forgery conviction, arguing the trial court erred by allowing the State to amend the charging information eleven days before trial to allege Shirley Puterbaugh owned the credit card.

The State may amend a charging information as to matters of substance at any time prior to trial if the State provides written notice to the defendant and the amendment "does not prejudice the substantial rights of the defendant." Ind. Code § 35-34-1-5(b) (2007). In addition, the court may, upon motion of the State, allow amendments to the information before, during, or after a trial to correct "any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant." Ind. Code § 35-34-1-5(c). Thus, when the State moves to amend a charging information prior to trial, regardless of whether the amendment is as to substance or as to form the key inquiry is whether the defendant's substantial rights have been prejudiced.

In reviewing the trial court's decision to permit an amendment to a charge, we must consider whether the defendant had a reasonable opportunity to prepare for and defend against the charges. *Gaby v. State*, 949 N.E.2d 870, 874 (Ind. Ct. App. 2011). The substantial rights of the defendant are not prejudiced by an amendment if: (1) a defense under the original information would be equally available after the amendment; and (2) the defendant's evidence would apply equally to the information in either form. *Id.*

[13] Morehouse argues the amending of the forgery charge to substitute Shirley Puterbaugh for James Puterbaugh and Dennis Puterbaugh prejudiced his defense because he had planned to argue that James Puterbaugh, the person who had been identified in the charge as the owner of the card, did not exist, and the amendment deprived him of that defense. In response, the State claims Morehouse was neither surprised nor prejudiced by the State's proposed amendment because the original probable cause affidavit had correctly identified Shirley Puterbaugh as the owner of the credit card.

[14] We conclude the amendment did not prejudice Morehouse's substantial rights. The essence of the forgery charge was that Morehouse used a credit card he did not own in order to purchase tires. He was aware the State had alleged from the beginning of the criminal case that Shirley Puterbaugh had an ownership interest in the Discover card and had ample opportunity to investigate the nature of her interest. Morehouse acknowledged at the hearing on the State's motion to amend that James Puterbaugh was not "a real person." Tr. p. 33.

[15] In addition, Morehouse's defense that he was not the person who used the credit card to buy the tires was equally available before and after the State sought to amend the charging information. Whatever evidence he would have presented would have applied in either circumstance. Finally, after the trial court granted the State's motion to amend, Morehouse had eleven days to pursue additional discovery and to prepare additional defenses. Under these circumstances, the trial court did not err by granting the State's motion to amend the charging information. *See Erkins v. State*, 13 N.E.3d 400, 406 (Ind.

2014) (no error in amending charging information where the State corrected the mistaken placement of defendant's name on the charging information; defendant knew of the mistake well in advance of trial).

## II. Denial of Continuance

[16]    Morehouse presents an alternative argument:  even if the trial court did not err by permitting the State to amend its charging information, the court should have granted his motion to continue the trial.

[17]    The governing statute provides, in relevant part:

> Before amendment of any indictment or information other than amendment as provided in subsection (b), the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard.  Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare the defendant's defense.

Ind. Code § 35-34-1-5(d).

[18]    Morehouse did not explain to the trial court, and fails to explain on appeal, how a continuance was necessary to allow him to adequately prepare for trial. He had been aware since the date the State filed the probable cause affidavit that the State believed Shirley Puterbaugh had an ownership interest in the credit card.  Morehouse did not claim additional discovery was needed or express a need to investigate previously unidentified defenses.  Instead, Morehouse told the trial court he requested a continuance "to preserve the issue for appeal." Tr. p. 34.  Morehouse failed to demonstrate a continuance was

necessary per Indiana Code § 35-34-1-5(d), and the trial court did not err in denying his motion for a continuance. *See Wilkinson v. State*, 670 N.E.2d 47, 49 (Ind. Ct. App. 1996) (no error in denying motion to continue after State amended charges where defendant failed to establish the amendment affected his defense), *trans. denied*.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Mathias, J., and Barnes, J., concur.