Zolo Agona AZANIA, f/k/a Rufus
Lee Averhart, Petitioner,

v.

STATE of Indiana, Respondent.

No. 02S00–0009–SD–538.

Supreme Court of Indiana.

Nov. 2, 2000.

Publication Ordered Nov. 8, 2000.

### ORDER

Zolo Agona Azania f/k/a Rufus Averhart was convicted of murder and sentenced to death. That judgment was affirmed on direct appeal, *Averhart v. State*, 470 N.E.2d 666 (Ind.1984), but the death sentence was vacated in post-conviction proceedings in this Court and a new penalty phase proceeding was ordered. *Averhart v. State*, 614 N.E.2d 924 (Ind.1993). Azania was again sentenced to death at this retrial and that new sentence was affirmed in the direct appeal from the retrial. *Azania v. State*, 730 N.E.2d 646 (Ind.2000).

By counsel, Azania filed a "Petition for Leave to File Petition for Successive Post–Conviction Relief and Application for Stay of Execution Date," accompanied by the tender of a "Successive Petition for Post–Conviction Relief," alleging newly discov-

ered evidence relevant to the guilt phase of his murder trial. This Court granted this petition on October 12, 2000.

In addition, Azania has tendered a "Notice of Filing Post–Conviction Petition in Superior Court and Application for Stay of Execution Date, or in the Alternative, Petition for Successive Post-conviction Relief and Application for Stay of Execution Date" ("Notice of Filing"). In response, the State has filed "State's Response to Petition for Leave to File Successive Petition for Post–Conviction Relief." Finally, Azania has filed "Petitioner's Reply to the State's Response to Petition for Post–Conviction Relief and for Leave to File Successive Petition for Post–Conviction Relief ." This Order addresses these filings.

■ This Court's rules permit a person convicted of a crime in an Indiana court to attack that conviction collaterally through a post-conviction proceeding. Ind. Post–Conviction Rule 1. As noted above, Azania has previously availed himself of that procedure. The rules also authorize a procedure for seeking a second or successive collateral review of a conviction and sentence. P–C.R. 1 § 12. In the "Notice of Filing," Azania advises the Court that on September 14, 2000, a petition was filed in the trial court seeking post-conviction relief. The petition alleges generally that the attorneys who represented him during the retrial of the penalty phase proceedings and in the appeal therefrom did not provide him with the effective assistance of counsel to which he was entitled under the U.S. Constitution and raises additional claims concerning the retrial. Inasmuch as this petition sought successive post-conviction relief, it was procedurally improper to file the petition without authorization from this Court. P–C.R. 1 § 12. The Allen Superior Court is therefore directed to dismiss the "Petition for Post–Conviction Relief" that was filed on September 14, 2000.

■ Recognizing the procedural problem, Azania has asked in the alternative that this Court nevertheless authorize the filing of the successive petition seeking post-conviction relief from the judgment rendered at the retrial of the penalty phase proceeding and affirmed on appeal. He raises claims that he organizes into four categories. Indiana Post–Conviction Rule 1 § (12)(b) and (c) provide that a petition seeking successive post-conviction relief will be authorized unless "the pleadings conclusively show that the petitioner is entitled to no relief." The term "the pleadings" in this context includes the record, opinions, and other materials from the petitioner's prior appellate and post-conviction proceedings.

■ First, Azania claims that an error in the Allen County jury selection system denied him his U.S. constitutional rights to a fair trial, due process, and equal protection of the laws. His submission indicates that in September, 1996, Allen County officials disclosed that "an alleged 'computer error' systematically eliminated almost 28% of the jury pool." He contends that this had the effect of excluding up to 70% of the eligible African–American jurors in the county from the jury pool at the time of his retrial.

Because the pleadings do not conclusively show that Azania is entitled to no relief on this claim, we authorize him to present this issue in his successive petition for post conviction relief pursuant to P–C.R. 1 § 12(b) and (c).

■ Second, Azania claims that he was denied the effective assistance of counsel to which he was entitled under the U.S. Constitution at his retrial because his trial counsel did not preserve for review a ruling of the trial court. The circumstances giving rise to this claim were discussed at length in our opinion on his appeal after the retrial. *Azania,* 730 N.E.2d at 650–51. At the retrial, defense counsel filed a motion in limine seeking to prevent the State from disclosing information regarding Azania's alleged involvement in the killing of a man named Wick.

*Id.* The trial court granted defense counsel's request but did rule that if Azania placed his character at issue by discussing his family history and background, the State would be allowed to present the Wick evidence in rebuttal. Id. We summarized defense counsel's performance on this point as follows:

> The defense successfully obtained a pretrial ruling preventing the State from presenting evidence it deemed detrimental to the defendant's interests in the penalty phase and then made a strategic decision not to risk admission of such excluded evidence on the State's rebuttal.

*Id.* at 653. The reasonable strategic decisions of trial counsel, which, as noted, we have already found the decision of counsel at issue here to be, cannot form the basis of an ineffective assistance of counsel claim. *Rondon v. State,* 711 N.E.2d 506, 518 & n. 18 (Ind.1999).

 Third, Azania claims that the representation which he received from his trial and appellate counsel, "when viewed individually and in their totality, present a compelling argument that he was denied effective assistance of counsel at trial and on appeal," in violation of his U.S. constitutional right thereto. Azania is correct in his suggestion that we evaluate the competence of counsel by examining whether counsel's performance, as a whole, fell below "an objective standard of reasonableness" based on "prevailing professional norms." *Woods v. State,* 701 N.E.2d 1208, 1211 (Ind.1998) (quoting *Strickland v. Washington,* 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). That is, effective assistance is determined according to the whole of the lawyer's performance and not just on "the strategy and performance at issue." *Butler v. State,* 658 N.E.2d 72, 79 (Ind.1995) (quoting *Mott v. State,* 547 N.E.2d 261, 263 (Ind.1989)). "Isolated poor strategy, bad tactics, a mistake, carelessness or inexperience do not necessarily amount to ineffective counsel unless, taken as a whole, the defense was

inadequate." *Davis v. State,* 675 N.E.2d 1097, 1100 (Ind.1996). Appellate counsel is not required to raise every possible claim, but must winnow out weaker arguments and focus on the most promising issues for review. *Jones v. Barnes,* 463 U.S. 745, 751–52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

 Our review of the record during Azania's appeal after retrial showed that trial counsel and appellate counsel zealously represented Azania's interests. The retrial and subsequent appeal were subject to Indiana Criminal Rule 24, which requires the appointment of, and adequate compensation for, qualified trial and appellate counsel and the provision of adequate resources in capital cases. The defendant was represented by two lawyers in the retrial and resulting appeal. In addition, he was further represented at trial by a third attorney, appearing *pro hac vice,* Isaiah S. Gant, former member of the Office of the Capital Case Resource Center, on leave from the Federal Public Defender's Office. At the retrial, Azania's counsel filed and argued various pre-trial motions, sought and received funds to hire an expert to assist regarding mitigation evidence, challenged jurors on voir dire, presented opening and closing arguments, made objections, vigorously cross-examined witnesses, presented evidence, offered exhibits, and zealously presented extensive evidence in support of their evidentiary motions. Pursuant to counsel's strategic decision not to expose the penalty phase jury to evidence presenting a great risk of harm to the defendant, the defense presented two witnesses (a forensic scientist and a forensic pathologist) in the penalty phase. Counsel also presented four witnesses at the subsequent sentencing hearing before the court. Azania's appellate counsel raised seven issues and cogent supporting argument in forty-three pages of briefs, filed an appendix and an eight-page reply brief, conducted zealous oral argument, and filed supplemental authority. Azania's appellate counsel's compre-

hensive written and oral advocacy resulted in an eighteen-page majority opinion and a ten-page dissenting opinion. Appellate counsel thereafter filed a petition for re-hearing and supporting brief.

Trial counsel's performance and appellate counsel's performance, taken as a whole, did not fall below an objective standard of reasonableness based on prevailing professional norms. Azania is entitled to no relief on his second and third claims, alleging ineffectiveness of trial and appellate counsel, and we decline to authorize the presentation of these issues on successive post-conviction proceedings.

Fourth, Azania claims that he was the victim of prosecutorial misconduct and misconduct by law enforcement officers during his retrial. He argues that this misconduct denied him his U.S. constitutional rights to a fair trial, due process, and equal protection of the laws. The misconduct alleged is that the Sheriff of Allen County forced "two expert witnesses . . . who had agreed to testify for the defense, and were also employed by the Sheriff's office, to resign from the case" and that the Sheriff "was responsible for forcing the resignation of [Azania's] defense counsel."

■ An available ground for relief not raised at trial or on direct appeal is not available as a ground for collateral attack. *Canaan v. State*, 683 N.E.2d 227, 235 (Ind. 1997).

■ The penalty phase retrial record indicates that, more than one year and four months before the penalty phase retrial actually occurred, the State filed a "Motion for Hearing Regarding Conflict of Interest" disclosing that Azania's lead defense counsel, Donald Swanson, was then a member of the Sheriff's Merit Board; that defense investigator Jerry Ratajczak was then a Deputy Allen County Sheriff; and that defense forensic pathologist, Scott Wagner was then employed by the Allen County Coroner. In seeking the motion, the State represented that it sought to disclose potential conflict of interest information to the defendant and "to obtain a waiver of the defendant, upon the advice of independent counsel." A hearing on the motion was conducted and the defense waived the conflict. Swanson withdrew fifteen days later. After Azania's penalty phase retrial and sentencing proceedings, Azania, acting pro se, filed a "Motion For Contempt of Court Proceedings Against Sheriff Joseph M. Squadrito" to which was attached a copy of a newspaper article reporting Azania's claims that Allen County officials prevented investigator Ratajczak and Dr. Wagner from joining his defense team, and that Swanson withdrew from the case "after his proposed defense team fell apart." (R. at 1249.)

These claims were thus available but not raised in the appeal from the retrial. The claims are not available here. *Canaan*, 683 N.E.2d at 235.

For the reasons set forth above, the pleadings conclusively show that Azania is entitled to no relief on his second, third, and fourth category of claims. Accordingly, the Court directs as follows:

1. The Allen Superior Court is directed to dismiss the "Petition for Post–Conviction Relief" that was filed on September 14, 2000.

2. The Court authorizes the filing of Azania's successive petition for post-conviction relief but only for the purpose of presenting his first claim regarding the Allen County jury selection system. P–C.R. 1 § 12(b) and (c). The successive petition shall be filed in the Allen Superior Court by November 16, 2000.

3. The successive petition, to the extent of the issues specified above, shall be consolidated with the proceedings in Azania's separate successive petition for post-conviction relief alleging newly discovered evidence relevant to the guilt phase of his murder trial, which was authorized to be filed by our order of October 12, 2000.

4. After conferring with counsel, the Allen Superior Court shall submit a pro-

posed case management schedule for rendering final judgment in the consolidated proceeding. The time for submitting the proposed case management schedule is extended to November 30, 2000. The proposed schedule shall specify that judgment in the successive post-conviction proceedings shall be rendered no later than February 12, 2001.

SHEPARD, C.J., DICKSON, J., and SULLIVAN, J., concur; BOEHM, J., concurs in part and dissents in part; RUCKER, J., concurs in part and dissents in part.

BOEHM, J., concurs in part and dissents in part as follows.

I concur in the majority's resolution of all claims except the one identified as the "second". For the reasons given in my dissenting opinion on Azania's appeal from the retrial of the penalty phase, *Azania v. State,* 730 N.E.2d 646, 655 (Ind.2000) I believe he was incorrectly held to have waived consideration of the merits of the issue underlying that claim. Because the underlying claim was held to have been waived, it is now presented in the form of a claim of ineffective assistance of counsel for failure to preserve it. I believe Azania's counsel should have been held to have properly preserved the underlying claim for appeal. This was because I believe there was room to consider the issue consistent with the stated purposes of the waiver doctrines invoked by the majority. Nevertheless, waiver would have been avoided by adherence to existing precedent at the time of Azania's trial regarding the need for objection at trial in addition to a pretrial motion. A majority of this court held the issue waived. Unless that waiver is permitted to be raised as a claim of ineffective assistance of counsel, the result is that in this death penalty case this issue, which arose for the first time in retrial of the penalty phase, is never addressed in any form by the courts of this state. I would authorize Azania to preserve it in postconviction proceedings.

RUCKER, J., concurs in part and dissents in part as follows.

I concur in the majority's resolution of the claims presented except the one identified as the third. To support his ineffective assistance claim, Azania alleges seventeen specific acts of omission by his trial counsel and four specific acts of omission by his appellate counsel. Because I am unable to say that the "pleadings conclusively show that petitioner is entitled to no relief" I would authorize the filing of a successive petition for post-conviction relief in order that the ineffective assistance claims may be addressed. I therefore respectfully dissent from that portion of the Court's order ruling otherwise.

## *ORDER DIRECTING PUBLICATION*

On November 2, 2000, an order was entered granting in part and denying in part Azania's request for leave to file a post-conviction relief petition. A copy of that order is attached. The Court now DIRECTS West Publishing to publish the order in the N.E.2d advance sheets and the permanent volume.