Troy R. SHAW, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 02A03–0804–PC–202.

Court of Appeals of Indiana.

Dec. 30, 2008.

Transfer Denied Feb. 26, 2009.

Susan K. Carpenter, Public Defender of Indiana, Jonathan O. Chenoweth, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Troy Shaw was denied post-conviction relief. He raises two issues on appeal:

1. Whether trial counsel was ineffective for objecting to an aggravated battery instruction; and

2. Whether appellate counsel was ineffective for failing to argue the trial court erred by allowing the State to amend the charging information after the omnibus date.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In 2000, Troy Shaw was 18 years old and living in Ohio with his family. Shortly after graduating from high school, Shaw was recruited by New River Subscription

Services to sell magazines door-to-door. The company, whose representatives traveled together by van, promised exciting travel opportunities and parties.

Several days after joining the team, Shaw found himself at a motel in Fort Wayne, Indiana. The group's manager discovered a man, later identified as Brett King, in one of the motel rooms the manager had rented. An argument ensued between the manager and King, and King fled the room. The manager told his employees to catch King, and several employees chased King into a nearby ditch. The employees, including Shaw, kicked and struck King several times. According to two other employees, Shaw "football kicked" King in the face. (Tr. at 252, 286.) King went limp, and Shaw continued to kick and beat him.

King's dead body was found later that day, and the Fort Wayne police were notified. An autopsy indicated King died from blunt force injury to the head caused by several blows.

On June 9, 2000, Shaw was arrested and charged with one count of Class B felony aggravated battery.[1] An omnibus date was set for July 31, 2000. On December 12, 2001, the trial court granted the State's motion to amend the charging information to one count of murder[2] and granted Shaw's motion for a continuance. The trial commenced on February 11, 2002. The trial court instructed the jury on murder and involuntary manslaughter. The State proposed an instruction on aggravated battery as a lesser-included offense, but Shaw objected. The court determined the instruction was not supported by the evidence and would not be given. The jury found Shaw guilty of murder.

In August of 2002, Shaw appealed the sufficiency of evidence supporting his conviction. We affirmed. *Shaw v. State*, No. 02A03–0205–CR–132, 787 N.E.2d 1030 (Ind.Ct.App., May 7, 2003).

In April of 2007, Shaw filed an amended petition for post-conviction relief alleging ineffective assistance of trial and appellate counsel. A hearing was held on October 22, 2007, and on March 5, 2008 the post-conviction court denied his petition.

### DISCUSSION AND DECISION

■ In post-conviction proceedings, the petitioner has the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1.5. Because Shaw bore the burden of proof, he stands in the position of one appealing from a negative judgment. *Spranger v. State*, 650 N.E.2d 1117, 1119 (Ind.1995), *reh'g denied, abrogated on other grounds by McIntire v. State*, 717 N.E.2d 96 (Ind.1999). In such cases, "it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law." *Id.* Thus, for Shaw to prevail on appeal, we must be convinced the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the trial court. *See id.*

■ Effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana Constitution.[3]

---

1. Ind.Code § 35–42–2–1.5.

2. Ind.Code § 35–42–1–1.

3. Shaw has not offered a separate argument with respect to his state constitutional claim and therefore waives that argument for our review. *See Douglas v. State*, 663 N.E.2d 1153, 1154 n. 1 (Ind.1996) (waiving ineffective assistance claim under Article 1, Section

Claims of ineffective assistance of counsel are analyzed under the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). To prevail, the appellant must show (1) defense counsel's representation fell below an objective standard of reasonableness and (2) the deficiencies in counsel's performance were prejudicial to the defense. *Coleman v. State,* 694 N.E.2d 269, 272 (Ind.1998). The defendant carries a heavy burden in satisfying this claim because we strongly presume counsel rendered adequate assistance. *Id.* On appeal, the presumption of counsel's competency must be rebutted by strong and convincing evidence. *Id.*

### 1. Ineffective Assistance of Trial Counsel

■ Shaw argues his trial counsel was ineffective because counsel objected to the aggravated battery instruction. Shaw maintains his defense was that he had no involvement in the beating of King and was asleep in his motel room during the entire incident. Nevertheless, while discussing jury instructions, counsel agreed with the court's offer to include an instruction on involuntary manslaughter in addition to murder. Counsel then objected to an aggravated battery instruction. The court determined the evidence in the case did not support the instruction, and it was not given.

Shaw argues there was no apparent strategic reason for counsel to object to the instruction and therefore his performance was deficient. He further argues he was prejudiced by counsel's performance because had the aggravated battery instruction been given, there was a reasonable likelihood the jury would have found him guilty of that charge as opposed to involuntary manslaughter or murder.

Counsel testified he recommended Shaw agree to the aggravated battery instruction, but Shaw declined, saying the aggravated battery instruction gave the jury "an out." (PCR Exh. A at 3.) Consequently, counsel objected to the instruction in accordance with Shaw's decision.

The post-conviction court found the objection to the instruction was not deficient performance because it satisfied the "objective standard of reasonableness under prevailing professional norms." *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. At the time of Shaw's trial, involuntary manslaughter [4] was a Class C felony. Aggravated battery [5] was a Class B felony. The court found counsel was not ineffective for protecting Shaw from the possibility of being convicted of the more serious aggravated battery offense.

Nor was Shaw's defense prejudiced by counsel's conduct. The court found, in light of the evidence presented at trial, there was no reasonable probability the jury would not have found Shaw guilty of murder even if an aggravated battery instruction had been given.

### 2. Ineffective Assistance of Appellate Counsel

■■ Shaw argues he was denied effective assistance of appellate counsel when counsel failed to argue the trial court erred by allowing the State to amend the charging information after the omnibus

13, where defendant provided no separate argument).

**4.** Ind.Code § 35–42–1–4(b) (1997) [now Ind. Code § 35–42–1–4(c)].

**5.** Ind.Code § 35–42–2–1.5.

date. Claims of ineffective assistance of appellate counsel are also evaluated under the *Strickland* standard. *Bieghler v. State*, 690 N.E.2d 188, 192 (Ind.1997), *reh'g denied, cert. denied* 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998). Our Supreme Court has recognized three categories of ineffective appellate counsel claims: (1) denying access to appeal; (2) failing to raise issues; and (3) failing to present issues competently. *Id.* at 193–195. When a claim falls into the second category, as Shaw's does, we evaluate whether the unraised issues are significant and obvious from the face of the record and whether they are clearly stronger than the raised issues. *Id.* at 194. An unraised issue is not "obvious" if the interpretation of the legal authority that might have supported the issue was not obvious when appellate counsel filed the brief. *McCurry v. State*, 718 N.E.2d 1201, 1206 (Ind.Ct. App.1999), *trans. denied* 735 N.E.2d 219 (Ind.2000).

Shaw argues appellate counsel was ineffective because the issue whether the trial court erred in allowing the State to amend the information was significant and obvious from the face of the record. At the time of Shaw's appeal, an indictment or information could be amended in matters of substance any time up to thirty (30) days before the omnibus date. See Ind. Code § 35–34–1–5 (1982).[6] An amendment of form could be made at any time unless it prejudiced the defendant. An amendment is one of form, and not substance, when a defense would be equally available after the amendment or evidence would be equally applicable to the amended charge. *Sharp v. State*, 534 N.E.2d 708, 713 (Ind.1989), *reh'g denied, cert. denied* 494 U.S. 1031, 110 S.Ct. 1481, 108 L.Ed.2d 617 (1990).

Shaw argues that at the time of his appeal, the case law regarding amendment of indictments or informations was in a state of flux, and counsel has a duty to raise an issue that is the subject of a split in authority when one line is favorable to his client. *Fisher v. State*, 810 N.E.2d 674, 678 (Ind.2004). Shaw maintains our courts inconsistently interpreted the statute. He argues some courts focused on the distinction between amendments of form (which could be made at any time as long as no prejudice to the defendant existed) and amendments of substance (which had to be made before the statutory deadline). But other courts, he argues, interpreted the statute to focus on the prejudice to the defendant and allowed any amendment so long as there was no prejudice. Courts adopting this interpretation found no prejudice when an amendment was of substance if a continuance was granted for the defendant. Shaw argues these differing interpretations indicate the area of law was unsettled at the time of his appeal and, as a result, the issue was "significant

---

**6.** At the time of Shaw's appeal, Ind.Code § 35–34–1–5, read in pertinent part:

(b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time up to:

(1) Thirty (30) days if the defendant is charged with a felony; or

(2) Fifteen (15) days if the defendant is charged only with one or more misdemeanors; before the omnibus date. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

(c) Upon motion of the prosecuting attorney, the court may at any time before, during or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

Ind.Code § 35–34–1–5 was amended in 2007.

and obvious." (Br. Of Petitioner–Appellant at 21.)

The State argues that, at the time of Shaw's appeal, the courts had consistently allowed amendments of substance to be filed after the statutory deadline. Counsel testified he believed there was no case law to support the argument that the amendment was improper at the time of Shaw's appeal. The post-conviction court agreed, finding that, at the time of Shaw's appeal, Indiana case law was consistent on this issue and was not in a "state of flux." The court cited a long line of Indiana decisions that had not invalidated an amendment of substance on the basis of timeliness because the defendant had not been prejudiced. *See, e.g., Townsend v. State,* 753 N.E.2d 88, 92–95 (Ind.Ct.App.2001); *Todd v. State,* 566 N.E.2d 67, 69–71 (Ind.Ct.App. 1991); *State v. Gullion,* 546 N.E.2d 121, 122–123 (Ind.Ct.App.1989) (*all abrogated by Fajardo v. State,* 859 N.E.2d 1201 (Ind. 2007)).

In fact, at the time of Shaw's appeal, there appeared to be no case law in which a court had invalidated any amendment. While some decisions included *dicta* indicating an amendment of substance would be invalidated if it was untimely, those decisions ultimately upheld the amendments because they were not prejudicial to the defendant. *See Haak v. State,* 695 N.E.2d 944, 952 (Ind.1998); *Wright v. State,* 593 N.E.2d 1192, 1197 (Ind.1992) (*abrogated by Fajardo* ); *Sharp,* 534 N.E.2d at 714–715. Appellate counsel would not have been able to demonstrate prejudice because Shaw had been granted a continuance to prepare for his trial on the amended charges. In a similar case, we recently found appellate counsel was not ineffective for failing to argue in 2003 that the court erred in allowing an amendment of substance after the omnibus date. *Singleton v. State,* 889 N.E.2d 35, 41–42 (Ind.Ct.App.2008).

The post-conviction court found appellate counsel was not ineffective for failing to foresee future decisions. Four years after Shaw's appeal, our Supreme Court held that an amended information was subject to dismissal under Ind.Code § 35–34–1–5 on the ground that it was of substance and untimely, even without a showing of prejudice. *Fajardo,* 859 N.E.2d at 1208. The post-conviction court acknowledged counsel could conceivably have argued the statutory language of Ind.Code § 35–34–1–5 required the amendment be dismissed, as was argued in *Fajardo.* However, the post-conviction court found, in light of the case law at the time, it was reasonable for counsel to conclude he would not succeed on that argument.

The post-conviction court's reasoning accurately reflects the state of the law. *See Singleton,* 889 N.E.2d at 41–42. Therefore, counsel's failure to raise the issue does not demonstrate ineffective assistance. *See, e.g., Trueblood v. State,* 715 N.E.2d 1242, 1258 (Ind.1999), *reh'g denied,* *cert. denied* 531 U.S. 858, 121 S.Ct. 143, 148 L.Ed.2d 94 (2000).

## CONCLUSION

The post-conviction court determined trial counsel was not ineffective for objecting to the aggravated battery instruction, nor was appellate counsel ineffective for failing to argue the trial court erred in allowing the charging information to be amended after the omnibus date. Shaw has not shown the evidence leads unerringly to a decision opposite to that reached by the post-conviction court. As a result, we may not set aside the judgment.

Affirmed.

ROBB, J., and NAJAM, J., concur.