## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 11 2018, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael K. Ausbrook
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Troy R. Shaw,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 11, 2018<br>Court of Appeals Case No.<br>18A-PC-1181<br>Appeal from the Allen Superior<br>Court<br>The Honorable Frances Gull,<br>Judge<br>Trial Court Cause No.<br>02D04-1803-PC-17 |

**Brown, Judge.**

[1] Troy R. Shaw appeals the post-conviction court's dismissal of his petition. We affirm.

*Facts and Procedural History*

[2] On June 9, 2000, Shaw was arrested and charged with aggravated battery as a class B felony. *Shaw v. State*, 898 N.E.2d 465, 467 (Ind. Ct. App. 2008), *trans. denied*. On December 12, 2001, the trial court granted the State's motion to amend the charging information to one count of murder and granted Shaw's motion for a continuance. *Id.* The jury found Shaw guilty of murder. *Id.* He appealed the sufficiency of the evidence supporting his conviction, and this Court affirmed. *Shaw v. State*, No. 02A03-0205-CR-132 (Ind. Ct. App. May 7, 2003).

[3] In April 2007, Shaw filed an amended petition for post-conviction relief alleging ineffective assistance of trial and appellate counsel. *Shaw*, 898 N.E.2d at 467. He argued he was denied effective assistance of appellate counsel when counsel failed to argue that the trial court erred by allowing the State to amend the charging information after the omnibus date. *Id.* at 468-469. On March 5, 2008 the post-conviction court denied the petition, and another panel of this Court subsequently affirmed. *Id.* at 470.

[4] Shaw later sought habeas corpus relief, and the United States District Court for the Southern District of Indiana denied his petition. *Shaw v. Mize*, No. 2:09-CV-325-JMS-WGH (S.D. Ind. February 16, 2012). The United States Court of Appeals for the Seventh Circuit vacated the judgment of the district court, held

that the performance of Shaw's appellate counsel was deficient because the sufficiency argument that was raised was so weak that pursuing it was the equivalent of filing no brief at all, that an argument about the validity of the State's effort to amend the indictment would have been materially stronger than the sufficiency of the evidence argument that was raised, and that Shaw suffered prejudice as a result. *Shaw v. Wilson*, 721 F.3d 908, 914-919 (7th Cir. 2013), *reh'g denied, reh'g en banc denied, cert. denied*, 134 S. Ct. 2818 (2014). The Court remanded "with instructions to issue a writ of habeas corpus unless the State of Indiana grants Shaw a new appeal within 120 days after issuance of the mandate." *Id.* at 919-920.

[5] On December 19, 2013, after the Seventh Circuit had denied the State's petitions for rehearing and rehearing en banc, the State filed under Shaw's post-conviction appeal cause number an emergency notice of pending proceedings before the United States Supreme Court following federal habeas corpus proceedings. *Shaw v. State*, 82 N.E.3d 886, 892 (Ind. Ct. App. 2017), *reh'g denied, trans. denied*. In that notice, the State asked this Court to grant Shaw a new direct appeal by January 3, 2014, which was 120 days from the date that the Seventh Circuit had issued its appellate mandate. *Id.* The State also asked that we hold the new appeal in abeyance so that it could pursue a writ of certiorari from the United States Supreme Court. *Id.* On December 31, 2013, we ordered the Clerk to open a direct appeal under a new appellate cause number and to hold that appeal in abeyance pending further order. *Id.* On

June 17, 2014, after the United States Supreme Court denied certiorari, the State filed a notice of termination of proceedings. *Id.*

[6] In the new direct appeal, this Court addressed Shaw's argument that the trial court erred when it allowed the State to amend the charging information seventeen months after the omnibus date. *Id.* at 894. We concluded that Shaw had failed to demonstrate prejudice to his substantial rights resulting from the untimeliness of the amendment and that the trial court did not err when it allowed the State to amend the charging information. *Id.* at 897.

[7] On March 5, 2018, Shaw filed a petition for post-conviction relief alleging an untimely amendment of the charging information and that his appellate attorney failed to properly argue the issues. On March 9, 2018, the State filed a Motion to Dismiss Successive Petition for Post-Conviction Relief. That same day, the post-conviction court dismissed Shaw's petition. Specifically, the court's order states:

> The Court finds that the Petition for Post-Conviction Relief filed on March 5, 2018, is a successive petition for post-conviction relief, inasmuch as the Petitioner's previous Petition for Post-Conviction Relief was denied on March 5, 2008, and that the Petition has not been authorized to be filed in this Court pursuant to Rule 1, Section 12 of the Indiana Rules of Procedure for Post-Conviction Remedies.

Appellant's Appendix Volume 2 at 20.

### *Discussion*

[8] The issue is whether the post-conviction court erred in dismissing Shaw's petition. Shaw argues that "with respect to 'the conviction' or 'the sentence' within the meaning of Rule 1, § 1(a), a post-conviction petition collaterally attacking the new conviction or new sentence is simply not even a second petition, much less a successive one." Appellant's Brief at 36. He asserts that "after obtaining post-conviction relief, state or federal, a person has been re-convicted or re-sentenced, an entirely new conviction and/or sentence results." *Id.* He argues that if the Post-Conviction Rules do not provide the right to file a petition, then the Due Process and Equal Protection Clauses of the United States Constitution allow him to do so. Shaw also contends that, if he may not file a fresh post-conviction petition as of right under Post-Conviction Rule 1, § 1, then he did not, in fact, have a "new direct appeal" of his conviction. *Id.* at 43.

[9] The State asserts that Shaw is raising the same claims challenging the same judgment that were denied in his first petition for post-conviction relief and that his conviction and sentence have never been vacated or reversed in federal or state court. It argues that Shaw's arguments that he is constitutionally entitled to file another post-conviction petition without seeking authorization are meritless. The State also contends that *res judicata* applies because the claims Shaw raised in his successive petition have been adjudicated by this Court.

[10] "Post-Conviction Rule 1(12) provides that a second, or successive, petition for post-conviction relief must first be authorized by" this Court or the Indiana

Supreme Court "before it can be filed."[1] *Lacey v. State*, 829 N.E.2d 518, 519 n.2 (Ind. 2005).

[11] We find the Indiana Supreme Court's order in *Azania v. State*, 738 N.E.2d 248 (Ind. 2000), to be instructive. In *Azania*, Zolo Agona Azania f/k/a Rufus Averhart was convicted of murder and sentenced to death. 738 N.E.2d at 249. That judgment was affirmed on direct appeal, *Averhart v. State*, 470 N.E.2d 666 (Ind. 1984), *cert. denied*, 471 U.S. 1030, 105 S. Ct. 2051 (1985), but the death sentence was vacated in post-conviction proceedings in the Indiana Supreme Court and a new penalty phase proceeding was ordered. *Averhart v. State*, 614 N.E.2d 924 (Ind. 1993), *reh'g denied*. Azania was again sentenced to death at

---

[1] Specifically, Ind. Post-Conviction Rule 1(12) provides:

(a) A petitioner may request a second, or successive, Petition for Post-Conviction Relief by completing a properly and legibly completed Successive Post-Conviction Relief Rule 1 Petition Form in substantial compliance with the form appended to this Rule. Both the Successive Post-Conviction Relief Rule 1 Petition Form and the proposed successive petition for post-conviction relief shall be sent to the Clerk of the Indiana Supreme Court, Indiana Court of Appeals, and Tax Court.

(b) The court will authorize the filing of the petition if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief. In making this determination, the court may consider applicable law, the petition, and materials from the petitioner's prior appellate and post-conviction proceedings including the record, briefs and court decisions, and any other material the court deems relevant.

(c) If the court authorizes the filing of the petition, it is to be (1) filed in the court where the petitioner's first post-conviction relief petition was adjudicated for consideration pursuant to this rule by the same judge if that judge is available, and (2) referred to the State Public Defender, who may represent the petitioner as provided in Section 9(a) of this Rule. Authorization to file a successive petition is not a determination on the merits for any other purpose and does not preclude summary disposition pursuant to Section (4)(g) of this Rule.

this retrial and that new sentence was affirmed in the direct appeal from the retrial. *Azania v. State*, 730 N.E.2d 646 (Ind. 2000), *reh'g denied*.

[12] By counsel, Azania filed a "Petition for Leave to File Petition for Successive Post-Conviction Relief and Application for Stay of Execution Date," accompanied by the tender of a "Successive Petition for Post-Conviction Relief," alleging newly discovered evidence relevant to the guilt phase of his murder trial. 738 N.E.2d at 249-250. The Indiana Supreme Court granted this petition on October 12, 2000. *Id.* at 250.

[13] In addition, Azania tendered a "Notice of Filing Post-Conviction Petition in Superior Court and Application for Stay of Execution Date, or in the Alternative, Petition for Successive Post-conviction Relief and Application for Stay of Execution Date" ("Notice of Filing"). *Id.* In response, the State filed "State's Response to Petition for Leave to File Successive Petition for Post-Conviction Relief." *Id.* Finally, Azania filed "Petitioner's Reply to the State's Response to Petition for Post-Conviction Relief and for Leave to File Successive Petition for Post-Conviction Relief." *Id.* In an order addressing these filings, the Indiana Supreme Court held:

> This Court's rules permit a person convicted of a crime in an Indiana court to attack that conviction collaterally through a post-conviction proceeding. Ind. Post-Conviction Rule 1. As noted above, Azania has previously availed himself of that procedure. The rules also authorize a procedure for seeking a second or successive collateral review of a conviction and sentence. P-C.R. 1 § 12. In the "Notice of Filing," Azania advises the Court that on September 14, 2000, a petition was filed

in the trial court seeking post-conviction relief. The petition alleges generally that the attorneys who represented him during the retrial of the penalty phase proceedings and in the appeal therefrom did not provide him with the effective assistance of counsel to which he was entitled under the U.S. Constitution and raises additional claims concerning the retrial. Inasmuch as this petition sought successive post-conviction relief, it was procedurally improper to file the petition without authorization from this Court. P-C.R. 1 § 12. The Allen Superior Court is therefore directed to dismiss the "Petition for Post-Conviction Relief" that was filed on September 14, 2000.

*Id.*

[14] The Court stated: "Recognizing the procedural problem, Azania has asked in the alternative that this Court nevertheless authorize the filing of the successive petition seeking post-conviction relief from the judgment rendered at the retrial of the penalty phase proceeding and affirmed on appeal." *Id.* The Court then found that the pleadings conclusively showed that Azania was entitled to no relief on some of his claims but authorized him to present the issue of whether an error in the Allen County jury selection system denied him his U.S. Constitutional rights to a fair trial, due process, and equal protection of the laws. *Id.* The Court ultimately ordered the trial court to dismiss the "Petition for Post-Conviction Relief" that was filed on September 14, 2000, authorized the filing of Azania's successive petition for post-conviction relief only for the purpose of presenting his claim regarding the Allen County jury selection system, and ordered that the successive petition shall be consolidated with the proceedings in Azania's separate successive petition for post-conviction relief

alleging newly discovered evidence relevant to the guilt phase of his murder trial, which was authorized to be filed by the Court's October 12, 2000 order. *Id.* at 252.

[15] We note that Azania's sentence was actually vacated in post-conviction proceedings and that, after re-sentencing, the Indiana Supreme Court held that it was procedurally improper for Azania to file a petition for post-conviction relief without authorization. Thus, for purposes of arguing that a request for a successive petition was not required, *Azania* presented a stronger case than Shaw presents here because Shaw's sentence was not vacated and he was merely permitted to pursue a new direct appeal. In light of *Azania* and the opportunity to request a successive petition for post-conviction relief under Ind. Post-Conviction Rule 1(12), we cannot say that the dismissal violated Shaw's rights or that the post-conviction court erred in dismissing Shaw's petition. *See also* Post-Conviction Rule Appendix (Instructions to Form for Successive Post-Conviction Relief Rule 1 Petitions state: "If you have previously filed a Petition for Post-Conviction Relief directed to this conviction or these convictions and the earlier petition was decided on the merits, you must fill out this form and file it along with your Petition.").

## Conclusion

[16] For the foregoing reasons, we affirm the post-conviction court's order.

[17] Affirmed.

Altice, J., and Tavitas, J., concur.