



FILED

Aug 21 2019, 10:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-PC-466

## Troy R. Shaw
*Appellant-Petitioner,*

—v—

## State of Indiana,
*Appellee-Respondent*

---

Argued: June 28, 2019 | Decided: August 21, 2019

Appeal from the Allen Superior Court, No. 02D04-1803-PC-17
The Honorable Frances Gull, Judge

On Petition to Transfer from the Court of Appeals,
No. 18A-PC-1181

---

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

At issue is whether a petitioner who has obtained the right to a new appeal from a federal court may, without prior authorization, file a post-conviction petition that challenges only the issues emerging from the new direct appeal.

We hold that a post-conviction petition that addresses only the proceedings on remand from this grant of relief is not a "second" or "successive" petition under Ind. Post-Conviction Rule 1(12). In these limited cases, such a petition may proceed without the prior authorization of this Court or the Court of Appeals.

## Facts and Procedural History

In 2002, a jury convicted Troy R. Shaw of the murder of Brett King. Shaw's conviction and 60-year sentence were affirmed on direct appeal. *Shaw v. State*, No. 02A03-0205-CR-132, 787 N.E.2d 1030 (Ind. Ct. App. 2003).

In April 2007, Shaw filed his first petition for post-conviction relief, alleging the ineffective assistance of trial and appellate counsel. The post-conviction court denied his petition in March 2008, and the Court of Appeals affirmed. *Shaw v. State*, 898 N.E.2d 465, 470 (Ind. Ct. App. 2008), *trans. denied*. Shaw thereafter filed a petition for writ of habeas corpus, which was denied by the U.S. District Court, Southern District of Indiana. *Shaw v. Mize*, No. 2:09-cv-325-JMS-WGH (S.D. Ind. 2012).

But the U.S. Court of Appeals for the Seventh Circuit vacated the District Court's judgment, holding that Shaw's appellate counsel's performance was deficient in several respects. *Shaw v. Wilson*, 721 F.3d 908 (7th Cir. 2013), *reh'g denied, reh'g en banc denied, cert. denied,* 134 S.Ct. 2818 (2014). The Seventh Circuit remanded "with instructions to issue a writ of habeas corpus unless the State of Indiana grants Shaw a new appeal within 120 days after issuance of the mandate." *Id.* at 919-20. A new appeal was opened and held in abeyance until the State's petition for certiorari was denied.

In Shaw's second direct appeal, he argued that he was prejudiced when, 17 months after the omnibus date, the State amended the charging information to charge him with murder instead of Class B felony battery. But the Court of Appeals affirmed the conviction and sentence, holding that Shaw failed to demonstrate substantial prejudice. *Shaw v. State*, 82 N.E.3d 886 (Ind. Ct. App. 2017), *reh'g denied, trans. denied*.

Shaw filed another petition for post-conviction relief, alleging that his appellate attorney failed to properly argue the issues in his new direct appeal. The trial court dismissed the petition as an unauthorized successive petition for post-conviction relief under Ind. Post-Conviction Rule 1(12). In a memorandum decision, the Court of Appeals affirmed the dismissal. *Shaw v. State*, No. 18A-PC-1181 (Ind. Ct. App. 2018).

Shaw seeks transfer, and the Public Defender of Indiana has filed an amicus brief in support of transfer. For the reasons discussed below, we grant transfer, thus vacating the Court of Appeals decision, and remand for further proceedings consistent with this opinion.

## Discussion and Decision

"Any person who has been convicted of, or sentenced for, a crime by a court of this state" has the right to collaterally attack that conviction or sentence through a petition for post-conviction relief. Ind. Post-Conviction Rule 1(1). But a second or successive post-conviction petition cannot be filed without prior authorization from this Court (in capital appeals) or the Court of Appeals (in all other appeals), either of which "will authorize the filing of the petition if the petitioner establishes a reasonable possibility" that the petitioner is entitled to relief. Ind. P-C. R. 1(12). By permitting successive post-conviction petitions only when the petitioner makes some showing of merit, this appellate screening function reduces the burden on trial courts. *Overstreet v. State*, 993 N.E.2d 179, 180 (Ind. 2013).

Post-conviction proceedings are not a "super-appeal"; rather, the grounds enumerated in the Post-Conviction Rules are "limited to 'issues that were not known at the time of the original trial or that were not

available on direct appeal.'" *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013), quoting *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000).

In affirming the trial court's dismissal of Shaw's second post-conviction petition as unauthorized under P-C. R. 1(12), the Court of Appeals relied on *Azania v. State*, 738 N.E.2d 248, 250 (Ind. 2000).

Azania was sentenced to death for murder. His sentence was vacated in post-conviction proceedings, but after a retrial, Azania was again sentenced to death, and his second death sentence was affirmed on direct appeal. As is relevant here, Azania filed a second post-conviction petition with the trial court and then tendered to this Court a "Notice of Filing Post-Conviction Petition … or in the Alternative, Petition for Successive Post-[C]onviction Relief[ ]," alleging that his counsel was ineffective during his retrial and second direct appeal. *Id.* at 250. The State responded with a motion titled "State's Response to Petition for Leave to File Successive Petition for Post-Conviction Relief." *Id.*

This Court directed the post-conviction court to dismiss Azania's petition, holding that "[i]nasmuch as [the petition] sought successive post-conviction relief, it was procedurally improper to file the petition without authorization from this Court." *Id.* (Azania was, however, authorized to pursue one of the four claims he raised in this petition by amending an authorized successive post-conviction petition that was already pending.)

But *Azania* did not squarely address the matter at issue here: whether a post-conviction petition should be considered a "second" or "successive" petition if the errors it asserts arose from the proceedings on remand. Azania's apparent efforts to hedge his bets by filing the second petition with the post-conviction court while notifying — or, in the alternative, seeking the leave of — this Court to file a successive post-conviction petition made it unnecessary for the Court to establish parameters on what makes a petition successive.

Here, the issues and events Shaw raises in his second petition for post-conviction relief had not yet occurred when he filed his first post-conviction petition in April 2007. While a second or successive post-conviction petition remains subject to the screening procedure outlined in

P-C. R. 1(12), a post-conviction petition that raises only issues emerging from the new trial, new sentencing, or new appeal obtained from a federal court through habeas proceedings is not a "second" or "successive" petition. Therefore, Shaw is entitled to pursue his present post-conviction petition in the trial court without seeking leave from the Court of Appeals.

As we have held that a post-conviction petition that addresses only these proceedings on remand is not a "second" or "successive" petition, and therefore does not require authorization under Ind. P-C. R. 1(12), the Public Defender of Indiana may represent indigent petitioners in these circumstances just as it represents others who file an authorized second or successive petition for post-conviction relief.

# Conclusion

Troy Shaw filed a petition for post-conviction relief, alleging the ineffective assistance of counsel in his second direct appeal. Because the petition addressed only the grounds arising from the second appeal, it was not a "second" or "successive" petition as defined by Ind. P-C. R. 1(12). Shaw's petition may therefore proceed without prior appellate authorization and the Public Defender of Indiana may represent Shaw under these circumstances.

Having granted transfer, we remand for further proceedings consistent with this opinion.

All Justices concur.

ATTORNEY FOR APPELLANT, TROY SHAW
Michael K. Ausbrook
Bloomington, Indiana

Michael P. Smyth, Certified Legal Intern
Indiana University Maurer School of Law
Bloomington, Indiana

ATTORNEYS FOR APPELLEE, STATE OF INDIANA
Curtis T. Hill, Jr.
Attorney General of Indiana

Andrew A. Kobe
Deputy Attorney General

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE, THE PUBLIC DEFENDER OF INDIANA
Stephen T. Owens
Public Defender of Indiana

Jonathan O. Chenoweth
Deputy Public Defender
Indianapolis, Indiana