ORDER CONCERNING SECOND SUCCESSIVE POST-CONVICTION PETITION IN CAPITAL CASE
Having completed the judicial review to which he is entitled as a matter of right, Petitioner Arthur Baird remains convicted of three counts of murder and sentenced to death. Execution of the death sentence is set for August 31, 2005 "before sunrise."
Baird has now filed numerous papers, the core of which is a claim that he is "presently incompetent to be executed" under Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). The State opposes Baird's request for relief[1] We have jurisdiction because Baird *29 is sentenced to death. See Ind. Appellate Rule 4(A)(1)(a).
Ford v. Wainwright holds that the Eighth Amendment prohibits a state from executing persons who are insane at the time of execution. 477 U.S. at 409-10, 106 S.Ct. at 2601-02. In this context, persons are insane if they are "unaware of the punishment they are about to suffer and why they are to suffer it." See, e.g., Penry v. Lynaugh, 492 U.S. 302, 333, 109 S.Ct. 2934, 2954, 106 L.Ed.2d 256 (1989) (effectively adopting Justice Powell's definition of insane from his concurring opinion in Ford ), abrogated in part on other grounds in Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002); accord Order, Fleenor v. State, No. 41S00-9910, MS-625 (Ind. Dec. 6, 1999) (unpublished; applying Ford standard of insanity to prisoner's successive post-conviction claim). At this stage of the proceedings, there is a presumption that the prisoner is sane. Ford, 477 U.S. at 426, 106 S.Ct. 2595 (Powell, J., concurring) (when prisoner was competent to stand trial, "[the State ... may properly presume that petitioner remains sane at the time sentence is to be carried out, and may require a substantial threshold showing of insanity to trigger the hearing process." (footnote omitted)); see also Coe v. Bell, 209 F.3d 815, 820 (6th Cir.); accord Order, Fleenor, at 1-2.
A claim such as Baird's is among those that our post-conviction rule on successive post-conviction petitions was designed to address. See Ind. Post-Conviction Rule 1(12); Order, Fleenor, at 2. Under our rule, a person who has been convicted of a crime may be permitted additional post-conviction review even after the conclusion of review to which the person is entitled as a matter of right, ie., direct appeal and a first post-conviction proceeding. A Ford claim is one that by its nature arises after the usual channels of appeal have been exhausted. See, e.g., Stewart v. Martinez-Villareal, 528 U.S. 637, 645, 118 S.Ct. 1618, 1622, 140 L.Ed.2d 849 (1998). Baird exhausted those appeals in April when the United States Supreme Court denied his petition for a writ of certiorari in his federal habeas appeal. Baird could have raised his Ford claim in the first successive post-conviction petition he presented to us the next month because an order from this Court setting an execution date was imminent. Nonetheless, we consider Baird's claim that he may not be executed consistent with Ford.
Because Baird has completed the review to which he is entitled as a matter of right,[2] he needs our permission to litigate *30 the Ford successive post-conviction claim. We will authorize such a proceeding to go forward "if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief" P-C.R. 1(12)(b). In deciding whether Baird has made the required showing, we consider the applicable law, the petition, materials from his prior appeals and post-conviction proceedings including the record, briefs and court decisions, and any other material we deem relevant. See id. If we authorize the proceeding to go forward, the case returns to the trial court for further proceedings in accordance with Post-Conviection Rule 1.
We turn to Baird's claim that he is "presently not competent for execution." As just indicated, we apply the Ford standard: persons are insane if they are unaware of the punishment they are about to suffer and why they are to suffer it. In support of the claim, Baird submitted affidavits from two attorneys and an affidavit of Howard Wooden, Ph.D., a mental health professional who examined Baird some ten years ago. See Notice of Tender filed August 5, 2005. Later, Baird submitted a report from Philip M. Coons, M.D., a psychiatrist who examined Baird on August 18, 2005. See Notice of Tender filed August 22, 2005. These materials do not support the conclusion that Baird is insane under the Ford standard, and, indeed, suggest the opposite.
Presently, according to the papers Baird has filed, he "knows that he is sentenced to die for killing his wife and parents, only because he has been told such by the jury, judge, and society," but "hle does not know intellectually or emotionally why he is to suffer the death penalty." Request for Stay at 3, T6. One attorney gives details about some of Baird's recent behay-iors and her interpretation of that behavior. As one example, when the attorney informed Baird of his execution date, he expressed concern about whether he was being charged too much for a newspaper subscription. See Nagy Aff. at 17. This attorney "has reason to believe that Mr. Baird is unable to prepare for death because of deep denial systems in place with his mental illness." Id. The attorney also states Baird "believes that God will turn back the clock to before the killings, as a reward for him not acting out on his bad thoughts while in prison." Id. at 12. To this attorney, Baird's behavior shows he "does not comprehend why or how he can be executed when he did not commit the murders, but when a 'big, burly man' moved his arms during the killings," and that he "is unable to experience culpability, and is therefore unable to fully understand the nature of the penalty." Id. at T6. The other attorney states her belief that Baird's "preoccupation with matters relevant to a time period following the anticipated date of his execution is further indication of his inability to comprehend the reasons for the impending execution, appreciate the finality of the death penalty and prepare himself for death." Cook Aff. at 1 9.
Neither of these attorneys is a mental health expert. As to Baird's claim that his execution will violate Ford, neither of their affidavits indicate that Baird is unaware of the punishment he is about to suffer and why he is to suffer it. Rather, Baird's references to God's turning back the clock to a time before he murdered his parents indicates that he is aware and why.
Dr. Wooden is a mental health expert, but he last examined Baird ten years ago. At that time, Wooden opined Baird had *31 suffered "an acute psychotic break" when he committed the murders and had been unable to control his actions or appreciate the wrongfuiness of his conduct. The opinion is relevant to whether Baird was not guilty by reason of insanity-an option the jury rejected at his trial-but does not address the Ford standard. Wooden states that if Baird "has ongoing delusional thinking, such as was present when I last examined him, he would be unlikely to be able to adequately comprehend the reasons for his execution as such thinking diminishes his capacity to distinguish between reality and the delusions." Wooden Aff. at 19. This supposition relates to the question of Baird's present status, but again, it does not address the Ford standard. Dr. Wooden does not offer an opinion that Baird actually is unaware of the punishment he is about to suffer and why he is to suffer it.
Dr. Coons examined Baird on August 18, 2005, for the purpose of determining Baird's competence to be executed, and offered his own observations in the Psychiatric Evaluation, as follows: (1) Baird has a delusional disorder, meaning he has persistent, fixed false beliefs, and this disorder has worsened since the murders (for example, Baird believes that God will turn back time to before the murders, his wife and parents will be alive, the federal debt will be extinguished, and Baird will be paid $1 million); (2) Baird has had obsessive, compulsive disorder characterized by recurrent intrusive thoughts and recurrent repetitive actions, and his obsessions have consisted of various aggressive thoughts and impulses to commit crimes, but the obsessions have diminished during incarceration; (8) Baird had an unspecified "dissociative disorder" at the time of the murders, but does not currently; (4) Baird does not have a personality disorder although he has schizoid and schizotypal traits; (5) Baird does not have antisocial personality disorder; (6) Baird is not malingering; (7) Baird "cannot feel guilt about the murders and therefore cannot make peace with God"; and (8) Baird thinks the sentence is unjust "because he did not choose to murder his wife and parents" since "[hlis hands murdered his wife and parents while under the control of unseen forces and persons." See Notice of Tender filed August 22, 2005 (Psychiatric Report at 9-11).
A prisoner who submits an opinion from a psychiatrist, based upon a recent assessment, that the prisoner meets the Ford standard of "insane" would satisfy the burden of establishing a reasonable possibility that the petitioner was entitled to post-conviction relief Dr. Coons concluded Baird is "currently incompetent to be executed," but this conclusion is not based on the Ford standard. Dr. Coons did not conclude that Baird is unaware of the punishment he is about to suffer and why he is to suffer it. Rather, like the others, Dr. Coonsg's report shows that Baird is aware he is to be executed because he murdered.
The evidence presented makes a prima facie showing that Baird may believe his execution is unfair and that he is withdrawn or uncommunicative when confront ed with the fact of his scheduled execution. He may be denying to himself that it will actually occur. He may have a mental illness. But read as a whole, the evidence presented amply shows Baird knows he is about to be executed because he murdered his parents. The evidence submitted does not challenge the presumption that Baird is sane, the standard of Ford, and we thus conclude he has not met his burden of showing a reasonable possibility that he is entitled to relief or further proceedings in a trial court.
Baird's papers arguably present other successive post-conviction claims, but *32 he has not met his burden of showing a reasonable possibility he is entitled to relief. We have already denied Baird's claims that mentally ill persons are per se exempt from execution under the state and federal constitutions and international law. See Baird v. State, 831 N.E.2d 109, 114-16 (Ind.2005). Those claims are res judicata and we decline to reconsider them. To the extent Baird requests we adopt a standard of incompetency for execution other than the Ford "insane" standard, we decline. In a single sentence, Baird claims executing mentally ill persons violates the Fourteenth Amendment. See Successive Pet. at 5-6, T8. We presume this is a claim that execution violates a mentally ill person's right to equal protection, and we deny permission to litigate the claim because, to the extent it has not been procedurally defaulted for being raised at this late stage, Baird has not shown a reasonable possibility of relief on the merits.
Because Baird has not met his burden of establishing a reasonable possibility that he is entitled to relief on the claims presented, we decline to authorize the filing of the second successive petition. We also deny his requests for a stay of execution, for an order directing the Department of Correction to notify Baird's counsel before conducting any psychological evaluation, for appointment of mental health professionals to examine Baird, for funds to hire an independent mental health professional to examine Baird, for a hearing on his competency, and any for other relief requested in the papers before us today.
Our rules permit-but do not require-a petition for rehearing. Rehearing should not be sought if Baird intends merely to raise the same arguments we have already addressed. If he does petition for rehearing, however, the petition must be physically filed with the Clerk no later than 12:00 p.m., August 26, 2005. The State's response must be physically filed with the Clerk no later than 8:00 p.m., August 26, 2005. To minimize any delay in the service and receipt of papers, the attorneys are ordered to certify in papers presented for filing that copies have been sent (1) by electronic mail or hand-delivery to opposing counsel and (2) by electronic mail to the Division of Supreme Court Administration, addressed to gseo-dro@courts.state.in.us. There will be no extensions of these deadlines by operation of Appellate Rule 25(C).
SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.
BOEHM, J., dissents with opinion in which RUCKER, J., joins.

. Baird filed: "Verified Motion For Psychiatric Evaluation;" "Petitioner's Verified Request Regarding Competency To Be Executed And Petitioner's Motion For Immediate Stay Of Execution;" "Motion For Order To Notify;" "Proposed Successive Petition For Post-Conviction Relief;" "Reply On Second Successor Request And Other Related Pleadings;" ''Tender Of Supplemental Authorities" filed August 5, 2005; "Request For Funding *29 And Hearing:" "Notice Of Tender" with affidavits filed August 5, 2005; "Tender Of Supplemental Authority" filed August 10, 2005; ''Notice Of Tender" with Psychiatric Evaluation filed August 22, 2005; and "Baird's Response To Respondent's Tender And Reply To Respondent's 'Response To Petitioner's Tender Of Additional Materials' " filed August 25, 2005. The State filed: "Response To Verified Request Regarding Competency, Motion For Immediate Stay, And Verified Motion For Psychiatric Evaluation;" "Response To Petitioner's Tender Of Additional Materials" filed August 22, 2005; and "Submission Of Videotaped Interview Of Petitioner" filed August 22, 2005.

. We affirmed Baird's convictions and sentence on direct appeal in Baird v. State, 604 N.E.2d 1170 (Ind.1992), reh'g denied (1993), cert. denied, 510 U.S. 893, 114 S.Ct. 255, 126 L.Ed.2d 208 (1993). We affirmed the trial court's judgment denying collateral state post-conviction relief in Baird v. State, 688 N.E.2d 911 (Ind.1997), reh'g denied (1998), cert. denied 525 U.S. 849, 119 S.Ct. 122, 142 L.Ed.2d 99 (1998). The federal district court denied his petition for writ of habeas corpus in Baird v. Davis, No. TH 98-70-C-M/F (S.D.Ind. Jul. 17, 2003) (unpublished order), which denial was affirmed by the Court of Appeals for the Seventh Circuit in Baird v. Davis, 388 F.3d 1110 (7th Cir.2004), cert. denied, - U.S. -, 125 S.Ct. 1849, 161 L.Ed.2d 739 (Apr. *30 18, 2005). In addition, we recently denied Baird's first successive post-conviction petition in Baird v. State, 831 N.E.2d 109 (Ind. Jul. 19, 2005).