Michael Dean **OVERSTREET**,
Petitioner,

v.

**STATE of Indiana, Respondent.**

No. 41S00–1305–SD–397.

Supreme Court of Indiana.

Sept. 3, 2013.

## PUBLISHED ORDER

After completing a direct appeal, a post-conviction appeal, and a federal court habeas appeal, Michael Dean Overstreet remains sentenced to death for the murder of Kelly Eckart on September 26, 1997.[1] By counsel, Overstreet has filed papers asserting that his mental illness renders him "incompetent to be executed," and he seeks to litigate this claim at a post-conviction hearing in the state trial court where he was convicted. The State opposes Overstreet's request and asks that a date for execution of the sentence be set.[2]

We have jurisdiction over the matter because Overstreet is sentenced to death, *see* Indiana Appellate Rule 4(A)(1)(a), and as explained below, we grant Overstreet

---

1. The conviction and sentence were affirmed on direct appeal in *Overstreet v. State*, 783 N.E.2d 1140 (Ind.2003), *reh'g denied*, *cert. denied*, 540 U.S. 1150, 124 S.Ct. 1145, 157 L.Ed.2d 1044 (2004). The trial court's denial of post-conviction relief was affirmed in *Overstreet v. State*, 877 N.E.2d 144 (Ind.2007), *reh'g denied* (Ind. 2008), *cert. denied*, 555 U.S. 972, 129 S.Ct. 458, 172 L.Ed.2d 331 (2008). The federal district's court denial of Overstreet's petition for a writ of habeas corpus was affirmed in *Overstreet v. Wilson*, 686 F.3d 404 (7th Cir.2012), *reh'g and reh'g en banc denied* (Sept. 21, 2012), *cert. denied*, —— U.S. ——, 133 S.Ct. 2735, 186 L.Ed.2d 195 (2013).

2. Overstreet has submitted a Form For Successive Post–Conviction Relief Rule 1 Petition; a Petition For Post–Conviction Relief; a Memorandum of Law On Competency To Be Executed; a report from Rahn K. Bailey, M.D.; and a Reply To State's Response. He also filed a Motion To Schedule Case For Oral Argument, which we deny. The State has filed a Response To Request For Permission To File A Successive Petition For Post–Conviction Relief.

permission to file a successive post-conviction petition in the trial court.

As a threshold procedural matter, Overstreet, who already has had one post-conviction proceeding, argues that the restrictions applicable to successive post-conviction claims should not be applied here since his claim was not ripe at the time of his first post-conviction proceeding because he was not facing imminent execution. We reject that argument as being contrary to our established rule. Indiana Post–Conviction Rule 1(1)(e) expressly provides that a petition seeking to present new evidence challenging the appropriateness of a death sentence brought by a person, who has already completed state post-conviction review proceedings, is considered a successive petition. We have treated other similar claims as successive. *See, e.g., Timberlake v. State,* 858 N.E.2d 625, 627 (Ind.2006); *Baird v. State,* 833 N.E.2d 28, 29–30 (Ind.2005). Therefore, we treat Overstreet's petition as successive.

A state appellate court performs a screening function with respect to successive post-conviction claims; the petitioner needs the appellate court's permission to present the merits of such claims to a trial court. P–C. R. 1(12); *Timberlake,* 858 N.E.2d at 627. In deciding whether a person has made the required showing, we consider the applicable law, the petition, materials from prior appeals and post-conviction proceedings including the record, briefs and court decisions, and any other material we deem relevant. *See id.* Authorization to file a successive petition is not a determination on the merits for any purpose other than whether a successive petition can be filed in the trial court. *See* P–C.R. 1(12)(c).

Overstreet's claim is that his mental illness and present mental state render him not currently competent to be executed under *Panetti v. Quarterman,* 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), and *Ford v. Wainwright* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). As we noted in the opinion addressing Overstreet's first post-conviction proceeding, *Overstreet v. State,* 877 N.E.2d 144, 172 (Ind.2007), the Supreme Court has made clear that the Eighth Amendment prohibits the State from executing a person who is insane. The *Ford* standard for "insane", as articulated by Justice Powell, encompasses persons "who are unaware of the punishment they are about to suffer and why they are to suffer it." As to *Panetti,* which clarifies that a person is to have a "rational understanding" of the State's rationale for an execution, we stated in our opinion:

> As we read *Panetti,* a prisoner is not competent to be executed within the meaning of the Eighth Amendment if (1) he or she suffers from a severe, documented mental illness; (2) the mental illness is the source of gross delusions; and (3) those gross delusions place the "link between a crime and its punishment in a context so far removed from reality" that it prevents the prisoner from "comprehending the meaning and purpose of the punishment to which he [or she] has been sentenced."

*Overstreet,* 877 N.E.2d at 172 (quoting *Panetti,* 127 S.Ct. at 2862).

To meet the threshold showing, Overstreet points to evidence about his mental illness discussed in the earlier court opinions in his case. In addition, he has tendered a report from forensic psychiatrist Dr. Rahn K. Bailey, prepared after he examined Overstreet on two occasions earlier this year. The twenty-page document discusses the background of the case and Overstreet's past and current mental condition, and concludes that in Dr. Bailey's professional opinion, Overstreet does not

have, and does not have the ability to produce, a rational understanding of why the State of Indiana plans to execute him. We find this sufficient to permit Overstreet to file a successive post-conviction petition asserting the claim that he is not currently competent to be executed.

ACCORDINGLY, the Court directs as follows:

1. The Court authorizes the filing of a successive petition for post-conviction relief in the Johnson Superior Court for the purpose of presenting the claim that Overstreet is not currently competent to be executed.

2. Pursuant to Post–Conviction Rule 1(12)(c), this matter is referred to the Public Defender of Indiana to represent Overstreet in the proceeding.

3. The Clerk is directed to send a copy of Overstreet's successive petition for post-conviction relief, along with the other papers filed by Overstreet and the State in this matter, to the Johnson Superior Court.

4. Overstreet shall file the successive petition in the Johnson Superior Court no later than **September 13, 2013,** and the matter shall be heard by the Hon. Cynthia S. Emkes, who heard the original petition, if she is available.

5. After conferring with counsel, the Johnson Superior Court shall, on or before **September 27, 2013,** submit to this Court for approval a proposed case management schedule. The proposed schedule shall specify that final judgment in the successive post-conviction proceeding be entered no later than **March 3, 2014.**

6. The Motion To Schedule Case For Oral Argument is DENIED.

The Clerk is directed to send a copy of this order to the Hon. Cynthia S. Emkes; Judge, Johnson Superior Court; to the Public Defender of Indiana; to the Attorney General of Indiana; to the Indiana Public Defender Council; to the Indiana Prosecuting Attorneys Council; to Mark Ahearn, General Counsel to the Governor; and to all counsel of record.

The Clerk is also directed to post a copy of this order on the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

DICKSON, C.J., and RUCKER, DAVID, MASSA, and RUSH, JJ., concur.