**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 17 2014, 10:02 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**KENT A. EASLEY**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KENT A. EASLEY,                           )
                                          )
    Appellant-Petitioner,           )
                                          )
      vs.                         )    No. 73A04-1311-PC-566
                                          )
STATE OF INDIANA,                         )
                                          )
    Appellee-Respondent.            )

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable Richard L. Tandy, Special Judge
Cause No. 73D01-1210-PC-21

**June 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Kent A. Easley appeals the post-conviction court's dismissal of his petition for post-conviction relief. Easley delineates five issues for our review, but we will consider only the following issue: whether the post-conviction court properly dismissed Easley's petition. We affirm.

## FACTS AND PROCEDURAL HISTORY

The procedural history of the instant appeal is long and complicated. In 2009, we described the following basis for Easley's original sentence:

> In 2000, Easley pleaded guilty to two counts of dealing [in] cocaine, both as Class B felonies, and one Class A misdemeanor possession of marijuana. Pursuant to a plea agreement, he was sentenced to twenty years with ten years suspended on each of the two Class B felonies and one year on the Class A misdemeanor, to be served concurrently, followed by ten years of probation. On June 14, 2007, the probation department filed a petition to revoke probation alleging that Easley had committed the offense of battery while on probation. Thereafter, on June 27, 2008, the probation department filed an addendum to its petition to revoke probation alleging that Easley had consumed alcohol while on probation. A fact-finding hearing was held on the State's petition to revoke probation, and addendum thereto, on August 8, 2008, and the court determined that Easley violated his probation. At the dispositional hearing on August 29, 2008, the court imposed three years of Easley's previously suspended sentence.

Easley v. State, No. 73A04-0810-CR-580, 910 N.E.2d 866, at *1 (table) (Ind. Ct. App. Aug. 4, 2009) ("Easley I").

In Easley I, which was Easley's direct appeal from the revocation of his probation, Easley raised ten issues for our review. We affirmed the trial court's judgment on all issues except its calculation of Easley's jail time credit. We remanded that issue to the trial court.

2

On February 24, 2010, the Shelby County Probation Department filed another petition to revoke Easley's probation, which the Department subsequently amended. The trial court held a hearing on the petition, after which it revoked Easley's probation and ordered him to serve the remaining seven years of his previously suspended sentence in the Indiana Department of Correction ("DOC"). Easley appealed the trial court's judgment, but we dismissed the appeal with prejudice after Easley failed to timely submit an appellant's brief after we had granted him numerous extensions of time. Easley v. State, No. 73A04-10120-CR-3 (Ind. Ct. App. Oct. 28, 2011) (docket), trans. denied ("Easley II").

We have described subsequent events as follows:

On April 23, 2012, Easley petitioned the Shelby County Superior Court for additional credit time he claimed he had earned in 2000 for completing a certified substance abuse treatment program while he was incarcerated in the Shelby County Jail pending resolution of the original charges. In his "Successive Motion for Additional Earned Credit Time" and the supporting memorandum and exhibits, Easley claimed to have exhausted a number of grievance procedures in his pursuit of the credit time, beginning with the instructor of the course and the Shelby County Jail prior to his conviction and including the trial court, the Shelby County Jail again, and ultimately the DOC in the years following his conviction.

On May 7, 2012, Easley filed with the Shelby County Superior Court a document entitled "Petitioner's Automatic Amendments to Successive Additional Earned Credit Time Motion." In this document, Easley added a number of claims unrelated to his petition for credit time, but rather challenging his second probation revocation. More particularly, Easley challenged the validity of a "re-arrest" warrant and claimed that his double jeopardy rights were violated when the trial court ordered him to "re-serve the 7 executed years . . . again," that the trial court judge acted without jurisdiction in finding him guilty of a probation violation, and that the trial court had erred by ordering him to pay court costs and fees related to his probation.

The Shelby County Superior Court [treated Easley's filings as a petition for post-conviction relief and] held a hearing on Easley's amended post[-]conviction petition on June 29, 2012. At the hearing, Easley made arguments paralleling those in his petition regarding the credit time issue, the alleged double jeopardy concerns, and the allegedly invalid re-arrest warrant. Easley also argued the fact that a judge who had previously recused himself from the case may have signed the re-arrest warrant was another reason that it was void. Easley made no mention at the hearing of his claims regarding the trial court having no jurisdiction or the order to pay court costs and fees.

At the conclusion of the evidence, the post-conviction court stated it would take Easley's request for credit time under advisement but denied each of Easley's remaining claims, stating:

> I think you're just wanting the Court to readdress issues that have previously been addressed or could have been addressed by this Court and the Indiana Court of Appeals, and have either been ruled adversely to you or have not previously been raised by you. I don't find those are issues that are proper for me to hear. . . .

On July 17, 2012, the post-conviction court entered an order denying Easley's request for credit time and reaffirming its denial of his remaining requests. . . .

Easley v. State, No. 73A01-1207-CR-333, 980 N.E.2d 446, at *2 (table) (Ind. Ct. App.

Dec. 27, 2012), trans. denied (citations omitted; some ellipses original) ("Easley III").[1]

Easley appealed the post-conviction court's denial of his petition for relief and

raised thirteen issues for our review. We first held that the post-conviction court properly

treated his claims as a petition for post-conviction relief. Id. at *3. We then held that the

---

[1] Our use of "Easley I," "Easley II," and "Easley III" refers only to the appeals relating to Easley's convictions at issue in the instant appeal. We do not address the numerous state and federal actions Easley has filed against, for example, the DOC. See, e.g., Easley v. Knight, No. 2:13-cv-116-JMS-MJD, 2013 WL 6036866 (S.D. Ind. Nov. 14, 2013); Easley v. Superintendent, Plainfield Corr. Facility, No. 1:11-cv-280-SEB-TAB, 2012 WL 253093 (S.D. Ind. Jan. 24, 2012); Easley v. Ind. Dep't of Corrections, No. 49A02-1202-PL-220, 974 N.E.2d 603 (table) (Ind. Ct. App. Sept. 17, 2012), trans. denied; Easley v. State, No. 49A02-1109-CT-975, 968 N.E.2d 875 (table) (Ind. Ct. App. June 8, 2012), trans. denied.

4

post-conviction court properly denied Easley's request for additional credit time. Id. at *4. And, finally, we stated that "[e]ach of Easley's remaining claims relates to the second revocation of his probation in 2010," which "was dismissed with prejudice by this Court" in Easley II. Id. at *5. Accordingly, we held that "each of Easley's claims collaterally challenging his second probation revocation is barred under the doctrine of res judicata. Also, those issues that were previously available to Easley but that he now raises for the first time on appeal are procedurally defaulted." Id. Thus, we affirmed the post-conviction court's judgment.

Undeterred, on October 18, 2012—which was actually two months before this court's decision in Easley III—Easley filed a successive petition for post-conviction relief, which he styled as "Post Conviction Relief Petition Two." Appellant's App. at 229. Easley followed his successive petition with a "Claim[] for Release" on May 31, 2013. The State objected to Easley's filings. On August 13, the post-conviction court held a hearing on Easley's requests. And, on October 29, 2013, the court entered its order denying Easley's claims for relief. In particular, the court concluded that Easley's filings were not authorized by Indiana's Post-Conviction Rules and that, even if they were, Easley's claims were either procedurally defaulted or barred by res judicata. This appeal ensued.

**DISCUSSION AND DECISION**

Easley appeals the post-conviction court's dismissal of his successive petition for post-conviction relief. A petitioner who appeals the denial of a petition for post-conviction relief faces a rigorous standard of review, as the reviewing court may consider

5

only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. Kien v. State, 866 N.E.2d 377, 381 (Ind. Ct. App. 2007), trans. denied. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. Stephenson v. State, 864 N.E.2d 1022, 1028 (Ind. 2007). If a post-conviction petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court. Ivy v. State, 861 N.E.2d 1242, 1244 (Ind. Ct. App. 2007), trans. denied.

As Easley is aware, post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001) (citing Ind. Post-Conviction Rule 1(1)). "All grounds for relief available to a petitioner under [Post-Conviction Rule 1] must be raised in his original petition." P-C.R. 1(8). To give effect to this requirement, successive petitions for post-conviction relief require the petitioner to follow a unique procedure. See Overstreet v. State, 993 N.E.2d 179, 180 (Ind. 2013). In particular, a successive petition for post-conviction relief requires the petitioner to send his petition and a "properly and legibly completed Successive Post-Conviction Relief Rule 1 Petition Form" to the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court ("the Clerk"). P-C.R. 1(12)(a). Upon the petitioner sending those documents to the Clerk, an appellate court "will authorize the filing of the petition if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief." P-C.R. 1(12)(b). Thus, "[a] state appellate court performs a screening function with respect to

successive post-conviction claims," and "the petitioner needs the appellate court's permission to present the merits of such claims to a trial court." Overstreet, 993 N.E.2d at 180.

Here, in dismissing Easley's successive petition for post-conviction relief,[2] the post-conviction court expressly found that Easley did not follow Post-Conviction Rule 1(12) and did not obtain the authorization required for him to file his successive petition for relief. See Appellant's App. at 55. That conclusion is unquestionably correct, and nowhere in Easley's seventy-four pages of argument in his brief on appeal does he challenge this conclusion. Moreover, we agree with the State that "[t]he requirement for judicial authorization for any successive PCR claims is particularly appropriate when applied to Easley, who has shown a propensity for endless litigation of his conviction and probation revocations . . . ." Appellee's Br. at 10 n.2. Accordingly, we affirm the post-conviction court's dismissal of Easley's successive petition for post-conviction relief.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.

---

[2] We agree with the post-conviction court that Easley's successive petition for post-conviction relief is not a belated motion to correct error.